543 A.2d 1166

**Andre SEAY, Appellee,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, A SUBSIDIARY OF PRUDENTIAL INSURANCE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1987.

Filed May 24, 1988.

Reargument Denied July 13, 1988.

38

Andrew Siegeltuch, Philadelphia, for appellant.

Allen L. Feingold, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and TAMILIA, JJ.

CAVANAUGH, Judge:

This case is an appeal from an order confirming an Arbitration Award in favor of appellee, Andre Seay. Appellant, Prudential, raises three issues on appeal,

    1) whether appellee's claim is barred by the statute of limitations,

    2) whether appellant should have been permitted to introduce into evidence a transcript of appellee's deposition, and

    3) whether the insurance policy under which appellee claimed uninsured motorist benefits required a setoff in the amount appellee recovered previously from another tortfeasor.

The facts which appellee presented at the arbitration hearing in his uninsured motorist claim are as follows. As Seay crossed the street to his parked car, an unidentified vehicle caused him to jump out of the way. At the same time, a second unidentified vehicle caused a motorcycle to swerve and hit appellee. Seay filed a claim for personal injuries in accordance with his uninsured motorist coverage with appellant insurance company. Seay then filed a Petition to Appoint a Neutral Arbitrator and Compel Arbitration in October of 1984.

The first arbitration hearing was held in May of 1985. The arbitration was continued in order to afford Prudential an opportunity to produce certain witnesses. At the second arbitration hearing, Prudential sought to introduce into evidence certain deposition testimony of Seay. Seay and the driver of the motorcycle were involved in a previous suit

concerning the same accident as the one in the present action. Seay's deposition was taken in April of 1980 in connection with the previous action. Prudential attempted to introduce the deposition for the purpose of impeaching Seay. Prudential pointed out to the arbitrators that the deposition contained a completely different version of the accident than the one offered by Seay in his testimony at the first arbitration hearing. Specifically, in Seay's deposition from the previous action, he made no mention of the two unidentified vehicles which are the basis of his uninsured motorist claim in the present action.

The arbitrators refused Prudential's request to introduce the deposition. They reasoned that it would be prejudicial to Seay as he was not present at the second arbitration hearing to respond to the deposition. The arbitrators further noted that the arbitration had been continued for the sole purpose of permitting Prudential to introduce certain witnesses, not depositions.

The arbitrator's decision awarded appellee $60,000, the full amount available from his uninsured motorist policy. Prudential filed a Petition to Vacate the Award which was denied by Order of the Court of Common Pleas. Prudential appealed the order, but this court quashed the appeal as final judgment had not been entered. Seay then filed a Petition to Confirm the Arbitration Award which was granted and docketed April 1, 1987. On May 6, 1987, Prudential filed a Praecipe to Enter Judgment and immediately filed a Notice of Appeal. As the appeal was taken more than thirty days from the order confirming the award, this court by per curiam order quashed the appeal. Prudential filed a Motion for Reconsideration of the order quashing the appeal. The Motion was granted in light of an apparent procedural conflict between 42 Pa.C.S.A. § 7320 and § 7316. Specifically, § 7320(a)(3) permits an appeal from an order confirming an award, and (a)(6) permits an appeal from final judgments. The same statute in section 7316 mandates that final judgment be entered for orders confirming awards. It is therefore unclear whether Prudential should

have taken their appeal within thirty days of the order confirming the award or thirty days from entry of final judgment. As a threshold issue, we must first reconsider Seay's Motion to Quash and determine whether Prudential filed a timely appeal.

Section 7320 of the Arbitration Act provides in pertinent part:

§ 7320. Appeals from court orders

(a) General rule.—An appeal may be taken from:

(3) A court order confirming or denying confirmation of an award.

(6) A final judgment or decree of a court entered pursuant to the provisions of this subchapter.

Section 7316 provides:

§ 7316. Judgment or decree on award

Upon the granting of an order of court confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity with the order. The judgment or decree may be enforced as any other judgment or decree. Subject to general rules, costs of any application to the court and of the proceedings subsequent thereto, and disbursements may be imposed by the court.

It is our function in cases of statutory interpretation to determine the intent of the legislature, *Causer v. Mandarino,* 338 Pa.Super. 564, 568, 488 A.2d 36, 38 (1985). We must construe the statute in order to give effect to all of its provisions, 1 Pa.C.S.A. § 1921(a), *Cerrato v. Holy Redeemer Hospital,* 342 Pa.Super. 551, 554, 493 A.2d 728, 729 (1985).

■ Sections 7320 and 7316 must be read in conjunction with each other. Section 7320 sets forth the general rule for orders from which an appeal may be taken, while 7316 mandates that judgment shall be entered on such orders. Interpreting the statute in its entirety, we conclude that tne legislature has set forth one comprehensive procedure for the taking of an appeal from an arbitration award. The orders enumerated in Section 7320 must first be reduced to judgment before they may be appealed.

To read Section 7320 as appellee Seay suggests would permit the taking of an appeal from the order confirming the award as well as appeals from a final judgment. Such an interpretation would render Section 7316 meaningless as it requires that final judgment be entered with respect to orders confirming arbitration awards. The time for the appeal need not be dated from the order, but from the entry of final judgment.

As Prudential took their appeal within thirty days of the entry of final judgment, we conclude that Prudential's appeal was timely and properly followed the procedure outlined in the Uniform Arbitration Act. The Motion to Quash is denied and we may now reach the merits of Prudential's appeal.

The terms of the insurance contract between the two parties expressly directs that the matter in dispute is to be submitted for arbitration in accordance with the provisions of the Pennsylvania Arbitration Act of 1927. As such, this case involves statutory arbitration. Our standard of review in cases of statutory arbitration requires this court to,

> modify or correct an award that is "contrary to law", just as if it were rendered by a jury and vulnerable to change because of the impropriety.

*Littlejohn v. Keystone Insurance Company*, 353 Pa.Super. 63, 67, 509 A.2d 334, 336 (1986).

■ Prudential contends that Seay's claim for uninsured motorist benefits was barred by the applicable statute of limitations because the accident in question occurred in July of 1978. Appellee's Petition to Appoint a Neutral Arbitrator and Compel Arbitration was filed on October 1 of 1984, more than six years later. In *Boyle v. State Farm Mutual Auto Insurance Company*, 310 Pa.Super. 10, 456 A.2d 156 (1983), this court held that the six year statute of limitations applicable to contracts governs uninsured motorist claims. *Boyle* further held that the right to payment of benefits does not vest until the insured is in a motor vehicle accident, sustains bodily injury as a result of the accident, and the

insured knows of the uninsured status of the other owner or operator.

We will assume that *Boyle* is correct in using the "discovery rule" concept for statute of limitation purposes even though *Boyle* by its terms is a contract limitations case rather than one in tort. Nevertheless the "discovery" period enunciated in *Boyle* is not a strictly subjective rule. The discovery rule is objective in that it fixes knowledge on one who knows or *should have* known. *Bickford v. Joson,* 368 Pa.Super. 211, 215, 533 A.2d 1029, 1031 (1987); *Pocono International Raceway v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468 (1983). Right to payment of benefits vests when the insured knows of the uninsured status of the other owner or operator, and such a determination is evaluated by whether the reasonable individual knows of the uninsured status of the other party, or reasonably should have known.

In his counter-statement of the case, Seay concedes that the "phantom vehicles" were "unidentified and unidentifiable". If the vehicles were unidentified, they are presumptively uninsured. *Mitchell v. Prudential Property & Casualty Insurance Company,* 346 Pa.Super. 327, 335, 499 A.2d 632, 636 (1985). (Court permitted a claim for damages under plaintiff's uninsured motorist coverage where vehicle was unidentifiable and was a legal cause of the accident.) Using the objective standard, a reasonable person would have known as of the day of the accident that the vehicles were unidentified and therefore presumptively uninsured. Even though he was seriously injured, Seay knew as of the date of his injury that he was unable to identify either of the phantom vehicles. The lengthy six year statute of limitations provided by the law was more than adequate time to proceed to arbitration on the patently discoverable uninsured status of the phantom vehicles. In certain uninsured motorist cases, it may take some time to determine the uninsured status of the other parties involved, but where the others involved are admittedly "unidentified and unidentifiable", they are uninsured as a matter of law. As

such, we conclude that Seay did not institute his action within the six year statute of limitations as dated from the accident in July of 1978.

The order confirming the arbitration award is vacated, and this case is remanded with direction that judgment be entered for Prudential. Jurisdiction is relinquished.