546 A.2d 1209

**Chris DUNLAP and Brian Dunlap, Minors, by their Parent and Natural Guardian, Arlene HOFFMAN and Arlene Hoffman, in Her own Right**

**v.**

**STATE FARM INSURANCE COMPANY.**

**Appeal of Brian DUNLAP.**

Superior Court of Pennsylvania.

Argued May 26, 1988.

Filed Aug. 23, 1988.

166

Douglas Marshall, Philadelphia, for appellant.

Mark C. Labrum, Philadelphia, for State Farm Ins. Co., appellee.

Before BROSKY, ROWLEY and McEWEN, JJ.

PER CURIAM:

This is an appeal from an order denying appellant's petition to set aside an arbitrators' award. For reasons stated *infra,* we now remand for further proceedings consistent with this opinion, and retain panel jurisdiction.

This matter arises from a motor vehicle accident which occurred on September 23, 1983. Minor-plaintiff Chris Dunlap was struck and injured by an uninsured motorist, while his brother, minor-plaintiff Brian Dunlap, appellant herein, witnessed the incident, and allegedly suffered emotional distress therefrom.

Arlene Hoffman, the boys' mother, filed a claim on behalf of both of her sons against her own carrier, appellee State Farm Insurance Company, pursuant to her policy's uninsured motorist coverage. When the claim could not be resolved, Mrs. Hoffman filed, on behalf of her sons as well as in her own right, a petition to compel the appointment of arbitrators, also in accordance with her uninsured motorist coverage, which provided for the resolution of disputed claims by arbitration under the Pennsylvania Uniform Arbi-

tration Acts of 1927 and 1980, upon the demand of the insured or the insurer. The petition to compel was granted, and, on August 20, 1987, the matter was heard before a board of arbitrators. The board found merit in Chris Dunlap's claim, and awarded him twelve thousand dollars ($12,-000.00) in compensation. The board, however, found no merit in Brian Dunlap's emotional distress claim, and awarded him nothing.

A petition to set aside the arbitrators' award as to appellant Brian Dunlap was filed in the Court of Common Pleas on September 23, 1987. The petition alleged that the arbitrators had committed numerous errors of law, entitling appellant to have the award as to him set aside. The court denied the petition on November 16, 1987, by order docketed November 19.

On November 19, 1987, a minor's compromise petition was filed on behalf of Chris Dunlap for court approval of his award. The petition was granted by order of November 24, 1987, docketed December 2, 1987. This order was never reduced to final judgment.

On December 2, 1987, a petition for reconsideration of the November 16 order, denying Brian Dunlap's petition to set aside, was filed, followed by the filing of this appeal on December 9, 1987.

■ The provision governing appeals from court orders pertaining to statutory arbitration awards, is found at 42 Pa.C.S. § 7320, which states the following:[1]

1. Both parties, in their appellate briefs, refer to this matter as being governed by the Uniform Arbitration Act of 1927 only. A review of the policy, as contained within the record on appeal, indicates that both the 1927 Act and the 1980 Act are applicable. However, that aside, even if the parties are in agreement that this matter was to be resolved under the 1927 Act, that agreement does not, and cannot, dictate which act governs the taking of an appeal. Section 175 of the 1927 Act has been repealed, and Section 7320 of the 1980 Act now controls the manner and time for the taking of statutory arbitration appeals. *Cf. Seay v. Prudential Property and Casualty Ins. Co.,* 375 Pa.Super. 37, 543 A.2d 1166 (1988) (where terms of insurance contract called for arbitration in accordance with provisions of 1927 Act, 42 Pa.C.S. § 7320 still governed appealability of order confirming arbitration award).

§ 7320. Appeals from court orders.

(a) General rule.—An appeal may be taken from:

(1) A court order denying an application to compel arbitration made under section 7304 (relating to proceedings to compel or stay arbitration).

(2) A court order granting an application to stay arbitration made under section 7304(b).

(3) A court order confirming or denying confirmation of an award.

(4) A court order modifying or correcting an award.

(5) A court order vacating an award without directing a rehearing.

(6) A final judgment or decree of a court entered pursuant to the provisions of this subchapter.

(b) Procedure.—The appeal shall be taken in the manner, within the time and to the same extent as an appeal from a final order of court in a civil action.

As can be discerned from a review of the above, a court order *denying* a petition to vacate, i.e. set aside, is not an appealable order under § 7320(a). Furthermore, while a petition to confirm the arbitration award in favor of Chris Dunlap was filed, and granted by the order of November 24, 1987, a petition to confirm the award denying appellant recovery has never been filed.

Moreover, were we to overlook appellant's captioning of his appeal as from the November 16 order under Pa.R.A.P. 105(a), and treat this appeal as from the November 24 order confirming the arbitration award in favor of Chris Dunlap, we would still be lacking an appealable order. In *Seay v. Prudential Property and Casualty Ins. Co.*, 375 Pa.Super. 37, 543 A.2d 1166 (1988), a panel of this court held that, while § 7320(a) designates certain orders as appealable, such as orders to confirm an award, see § 7320(a)(3),

Moreover, a review of 5 P.S. § 175 of the 1927 Act reveals that it closely tracks the language of 42 Pa.C.S. § 7320. Hence, were we to find that the provisions of the 1927 Act govern the taking of this appeal, we would nonetheless reach the same result *infra*.

§ 7320(a) must be read in conjunction with § 7316 of the 1980 Act, which provides the following:

§ 7316. Judgment or decree on award.

*Upon the granting of an order of court confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity with the order.* The judgment or decree may be enforced as any other judgment or decree. Subject to general rules, costs of any application to the court and of the proceedings subsequent thereto, and disbursements may be imposed by the court.

(Emphasis supplied.)

The *Seay* Court held that, when § 7320 and § 7316 are read together, it is clear that the appealable orders listed in § 7320(a) must be reduced to final judgment as provided in § 7316 before any appeal may be taken.[2] As the November 24 order was never reduced to judgment, this appeal would still be premature.

However, despite the absence of a final order at this point in time, we nonetheless do not find it appropriate to quash the instant appeal.

■ Just as § 7320 cannot be read apart from § 7316, the dictates of § 7313 and § 7314(d) outlining the procedure to be followed in order to confirm an arbitrator's award, must be taken into account as well:

§ 7313. Confirmation of award by court

On application of a party, the court shall confirm an award, *unless within the time limits imposed by this subchapter, grounds are urged for vacating* or modifying or correcting the award, *in which case the court shall proceed as provided in section 7314 (relating to vacating award by court)* or section 7315 (relating to modification or correction of award by court).

**2.** Under the 1927 Act, 5 P.S. § 172 also provides that an order confirming, modifying, or correcting an award shall be reduced to judgment. As such, our result today would, again, remain unaltered were we to apply the 1927 Act to the appeal process governing statutory arbitration orders.

§ 7314. Vacating award by court

\* \* \* \* \* \*

(d) Confirmation of award.—*If an application to va-cate the award is denied* and no application to modify or correct the award is pending, *the court shall confirm the award.* (Emphasis supplied.)

Reading § 7313 and § 7314(d) together, it would appear that, once appellant's petition to set aside i.e. vacate was denied, it was not appellant's obligation to file an application to confirm the award denying appellant recovery, but, rather, the obligation of the trial court to enter an order confirming the award simultaneously with the order deny-ing appellant's petition to set aside. Furthermore, it is clear that, prior to that action by the trial court, it was not incumbent upon appellant to reduce anything to final judg-ment. Indeed, there *is* no order, at this time, which may be reduced to judgment pursuant to § 7320(a).

In light of the foregoing, we now remand this matter to the trial court with the following instructions:

(1) upon remand, the trial court shall enter an order, in compliance with § 7314(d), confirming the award denying appellant Brian Dunlap recovery;

(2) upon entry of an order confirming the award denying appellant recovery, appellant shall reduce that order to final judgment, as required by § 7316, § 7320(a), and the *Seay* case;

(3) appellant shall then have thirty (30) days from the reduction of the confirmation order to final judgment, to transmit to this court a certified supplemental record, estab-lishing compliance below with parts (1) and (2) of these instructions. If the supplemental record is not received in this Court within thirty (30) days of the entry of final judgment, the instant appeal shall be dismissed.

Remand for further proceedings consistent with this opin-ion. Panel jurisdiction is retained.