656 A.2d 125

Patricia E. KEMETHER and Fred N. Kemether, Appellants,

v.

AETNA LIFE & CASUALTY COMPANY.

Superior Court of Pennsylvania.

Argued Dec. 1, 1994.

Filed March 16, 1995.

470

Noreen Kemether, Philadelphia, for appellants.

Paul Barrett, Scranton, for appellee.

Before OLSZEWSKI, JOHNSON and HESTER, JJ.

OLSZEWSKI, Judge:

Appellant Patricia Kemether was involved in an automobile accident in December 1990. She alleged that she was forced off the road by a large truck approaching on her side of the road. Immediately after the accident, Patricia identified the truck as an Agway truck. After investigation, however, Patricia concluded that the vehicle was not an Agway truck, but was a "phantom" or unidentified vehicle. On this basis, Patricia and her husband notified appellee Aetna of their insurance claim under the uninsured motorist clause of their policy.

Based on Patricia's initial identification of the vehicle as an Agway truck, Aetna claimed that it was not a "phantom" vehicle, and therefore was not covered under the uninsured motorist terms of the policy. Seeking a determination of liability, Aetna filed suit for declaratory judgment against the Kemethers and Agway. The trial court dismissed the action and referred the matter to arbitration, under the specific terms of the policy, in order to determine if the truck in question was a "phantom" or unidentified vehicle.

On October 18, 1993, the arbitrators issued an award in favor of Aetna, finding that the Kemethers had failed to prove that the accident was the result of a "phantom" vehicle. The Kemethers filed a petition to modify or vacate award of arbitrators, which was denied by the trial court by Order dated April 11, 1994. This appeal followed.

Initially, Aetna asserts that this appeal must be quashed, as no appeal lies from an order denying a petition to vacate or modify. Aetna is correct in noting that an order

denying a petition to vacate or modify is not an appealable order under section 7320(a). 42 Pa.C.S.A. § 7320(a). *See also Dunlap by Hoffman v. State Farm Ins.*, 377 Pa.Super. 165, 169, 546 A.2d 1209, 1211 (1988). The proper procedure is for the court to enter an order confirming the arbitrators' award, either simultaneously with or following the entry of the order denying the petition to vacate or modify. *Id.* It is from this confirming order that an appeal lies.

■ While no such confirming order was entered in the instant case, we find that it would be inappropriate to quash the appeal. The responsibility for entering a confirming order in such a case lies with the trial judge, not the appellant. In *Dunlap*, this Court found that it would not be proper to quash an appeal where no confirming order was entered after the denial of a petition to vacate. 377 Pa.Super. at 169, 546 A.2d at 1211. We wrote:

> [O]nce appellant's petition to set aside i.e. vacate was denied, it was not appellant's obligation to file an application to confirm the award denying appellant recovery, but, rather, the obligation of the trial court to enter an order confirming the award simultaneously with the order denying appellant's petition to set aside.

*Id.* Therefore, it is incumbent upon the trial court to enter an order confirming the award, and the Kemethers will not be punished for the trial court's failure to enter the required order.

■ After determining that quashal was not appropriate, the *Dunlap* court remanded to the trial court so that the correct order could be entered and reduced to judgment. 377 Pa.Super. at 169, 546 A.2d at 1211. We find such a remand unnecessary in the present case. In *Dunlap*, the order denying the petition to vacate was never reduced to judgment. *Id.* Without any order that was reduced to judgment, we simply could not address the appeal. *Id.* Unlike *Dunlap*, we do have a judgment in the instant appeal.[1] While it is a judg-

---

1. Appellants reduced the April 11, 1994, order denying the petition to vacate or modify to judgment on June 6, 1994.

ment on the order denying the petition to vacate or modify, it is nonetheless a final judgment. The record fails to reveal, and no party suggests, any reason why the award should not have been confirmed after the trial court denied the petition to vacate or modify. Therefore, no purpose at all would be served by a remand to confirm the award, reduce that order to judgment, and bring the appeal right back to this Court. *See Popskyj v. Keystone Ins. Co.*, 388 Pa.Super. 429, 432 n. 1, 565 A.2d 1184, 1186 n. 1 (1989) (addressing the merits of an appeal taken from the denial of a petition to vacate or modify and refusing to remand for the "ministerial act" of entering a confirming order). Thus, notwithstanding the procedural irregularity, we will address the merits of this appeal.

In the proceedings below, the trial court refused to address the issues raised in the Kemethers' petition to vacate or modify award of arbitrators. The trial court applied Pennsylvania Rule of Civil Procedure 1307(d), which provides for very limited review of arbitration awards. In the explanatory note to section (d), it states that if a party is unhappy with an award, the sole remedy is an appeal for a trial *de novo*. It is only in limited situations where there are obvious mathematical or language errors that the trial court can modify or vacate an award without a trial *de novo*. Pa.R.C.P. 1307(d). Since the Kemethers petitioned to vacate or modify rather than for a trial *de novo*, and their claims did not involve obvious mathematical or language errors, the trial court denied the petition without addressing the Kemethers' claims. While the trial court correctly read Pa.R.C.P. 1307(d), it incorrectly applied that rule to this case.

The Kemethers' claim against Aetna is brought under an insurance contract, which specifically states that arbitration will be in accordance with the provisions of the Pennsylvania Uniform Arbitration Act. R.R. 53a–54a. Since this contract is in writing and expressly provides for arbitration under the provisions of the Uniform Arbitration Act, it is presumed to provide for **statutory arbitration pursuant to subchapter A.** *See* 42 Pa.C.S.A. § 7302(d); *Cigna Ins. Co. v. Squires*, 427 Pa.Super. 206, 208, 628 A.2d 899, 900 (1993). Under the

provisions of this subchapter, an appealing party must petition the court to vacate or modify the award. 42 Pa.C.S.A. §§ 7314 and 7315. In contrast, Pennsylvania Rule of Civil Procedure 1307(d), which requires an appeal by a trial *de novo,* only applies to actions which are submitted to **compulsory arbitration pursuant to subchapter C.** Therefore, we find that the trial judge incorrectly applied Pa.R.C.P. 1307(d) to the present case.

Under subchapter A statutory arbitration, a party may appeal an award by filing a petition to vacate or modify the award pursuant to 42 Pa.C.S.A. §§ 7314 and 7315. The Kemethers filed the correct petition in accordance with the statute. Therefore, the trial court should have addressed the issues raised in the petition to vacate or modify. Since the trial court failed to address the properly raised claims of error, we must remand to the trial court and order it to hear the facts, make findings on the record, and rule on the claims of error.

Order vacated. Remanded with instructions. Jurisdiction relinquished.

Dissenting opinion by JOHNSON, J.

JOHNSON, Judge, dissenting.

Because I find that this appeal should be quashed, I must respectfully dissent.

A dispute arose between Patricia E. and Fred N. Kemether and Aetna Life & Casualty Company over an insurance claim filed by the Kemethers. Pursuant to the parties' insurance contract, the dispute was submitted to arbitration under the Uniform Arbitration Act, 42 Pa.C.S. § 7301 *et seq.,* and the arbitrators found in favor of Aetna. Subsequently, the Kemethers filed a petition to vacate or modify the arbitrators' award. The trial court denied the petition, and judgment was entered. However, the trial court did not issue an order confirming the arbitration award. The Kemethers now appeal, arguing that the trial court erred in denying their petition to vacate or modify the award.

In pertinent part, the provision of the Uniform Arbitration Act governing appeals states:

### § 7320.  Appeals from court orders

**(a) General rule.**—An appeal may be taken from:

(1) A court order denying an application to compel arbitration under section 7304....

(2) A court order granting an application to stay arbitration made under section 7304(b).

(3) A court order confirming or denying confirmation of an award.

(4) A court order modifying or correcting an award.

(5) A court order vacating an award without directing a rehearing.

(6) A final judgment or decree of a court entered pursuant to the provisions of this subchapter.

42 Pa.C.S. § 7320.

In the present case, although the trial court denied the Kemethers' petition to vacate the award, it did not subsequently enter an order confirming the arbitration award. Therefore, pursuant to the express terms of § 7320, the Kemethers have not presented an appealable order. *See Dunlap by Hoffman v. State Farm Ins.*, 377 Pa.Super. 165, 168, 546 A.2d 1209, 1210 (1988) ("a court order *denying* a petition to vacate ... is not an appealable order under § 7320(a)"). Rather, as the Majority recognizes, "[t]he proper procedure is for the court to enter an order confirming the arbitrators' award, either simultaneously with or following the entry of the order denying the petition to vacate or modify. It is from this confirming order that an appeal lies." Majority op. at 471, citing *Dunlap; see also Seay v. Prudential Property & Casualty Ins.*, 375 Pa.Super. 37, 543 A.2d 1166 (1988), *appeal dismissed*, 523 Pa. 105, 565 A.2d 159 (1989) (order confirming arbitration award as well as entry of judgment thereon in accordance with § 7316 are prerequisites to appeal). Therefore, the present appeal should be quashed.

In determining that this appeal may lie, the Majority reasons that it was incumbent upon the trial court to enter a

confirming order. Therefore, the Majority finds that the Kemethers should not be held accountable for the court's failure. In reaching this conclusion, my colleagues refer to the following language from the *Dunlap* case:

[O]nce appellant's petition to set aside i.e. vacate was denied, it was not appellant's obligation to file an application to confirm the award denying appellant recovery, but, rather, the obligation of the trial court to enter an order confirming the award simultaneously with the order denying appellant's petition to set aside.

Majority op. at 471, quoting *Dunlap, supra,* 377 Pa.Super. at 170, 546 A.2d at 1211. However, the Majority's conclusion overlooks the fact that, in *Dunlap,* this Court, when presented with an appeal from an order denying an insured party's petition to set aside an adverse arbitration award, remanded the matter for entry of a confirming order and judgment thereon. Therefore, the Majority's reliance on *Dunlap,* in support of its decision that the present appeal may lie, is misplaced. *See also Carroll v. State Farm Mutual Auto. Ins.,* 420 Pa.Super. 215, 223 n. 12, 616 A.2d 660, 664 n. 12 (1992), *appeal denied,* 533 Pa. 641, 622 A.2d 1374 (1993) (once a petition to vacate an award is denied, a subsequent final judgment is to be entered with respect to an order confirming an arbitration award before appeal is proper).

Based on the foregoing, I am constrained to conclude that the lack of an order confirming the arbitration award is fatal to the Kemethers' appeal. Therefore, I would quash the appeal. Accordingly, I must respectfully dissent.