William I. SNYDER and Patricia S. Snyder, Appellants,

v.

Ed CRESS and Ed Cress Builder, Appellees.

Superior Court of Pennsylvania.

Submitted Jan. 7, 2002.

Filed Feb. 6, 2002.

---

Kenneth D. Perkins, Sewickley, for appellants.

Edward A. Schenck, Pittsburgh, for appellees.

Before DEL SOLE, President Judge, HUDOCK, J. and CAVANAUGH, J.

CAVANAUGH, J.

¶ 1 This case involves the conduct of common law arbitration proceedings. The appellants herein are William I. Snyder and Patricia S. Snyder. The Snyders pursued the arbitration against Ed Cress who, together with Ed Cress Builders, are the

appellees herein. The arbitration was to resolve issues arising out of a written contract between the Snyders and Cress for the construction of a residence for the Snyders. There was a written arbitration award entered on February 24, 1999. This award directed the payment of a net sum to Cress on his counterclaim.

¶ 2 Concurrently, the Snyders pursued litigation against their architect (Liga) in the Common Pleas Court of Butler County. Coincidentally, the Snyders now claim that they have discovered a water infiltration problem which they ascribe to a latent defect in the construction of their residence. The Snyders presently claim that the presence of this latent defect presents an issue of fraud on the part of Cress.

¶ 3 Accordingly, the Snyders sought the issuance of a rule upon Cress to show cause why Item #2 of the arbitration award should not be modified. The trial court has refused to grant the rule and the Snyders have appealed. Since appellant's claim is rooted in an alleged infirmity in the arbitration proceeding, the right to pursue the present appeal must be based upon appeal rights from an arbitration proceeding to which they willingly acceded.

■ ¶ 4 The instant arbitration proceedings were conducted pursuant to a written agreement of the parties which failed to specify the application of either common law or statutory rules—thus, it is properly considered as common law arbitration. *Gentile v. Weiss*, 328 Pa.Super. 475, 477 A.2d 544, 546 (1984) (citing cases). Preliminarily, we must determine, *sua sponte*, whether we have jurisdiction to consider this appeal. *Riley v. Farmers Fire Insurance Co.*, 735 A.2d 124 (Pa.Super.1999). Since this matter involves common law arbitration, the right to appeal is governed by 42 Pa.C.S.A. § 7320, appeals from court orders. This is so since 42 Pa.C.S.A. § 7342(a), setting forth the pro-

cedures applicable to common law arbitration, substantially adopts § 7320 with respect to appeals from court orders. This adoption must be read in conjunction with the common law arbitration provision of 42 Pa.C.S.A. § 7342(b) which allows (after 30 days following the award) for the entry of a confirmation of the award and the entry of a judgment or decree in conformity therewith.

¶ 5 This case involves the refusal to grant a rule to show cause why the arbitration award should not be modified. We may treat this as a refusal to modify the arbitrator's award. We are, accordingly, presented with a posture where there had been neither a confirmation of an award or a judgment thereon. Pursuant to inquiries from our Central Legal Staff, counsel has advised that judgment has now been entered. *See Seay v. Prudential Property and Casualty Insurance Co.*, 375 Pa.Super. 37, 543 A.2d 1166 (1988) (entry of judgment a precondition to appeal arbitration order under § 7320).

■ .¶ 6 The entry of a judgment invites the further query of whether it is also necessary that a confirmation order be entered before an appeal may be pursued. The case of *Dunlap by Hoffman v. State Farm Ins.*, 377 Pa.Super. 165, 546 A.2d 1209 (1988), suggests that entry of both a confirmation of the award and entry of a judgment are necessary. In *Dunlap*, our court remanded the matter to the trial court to enter an order confirming the award and to reduce the order to final judgment in order to procedurally enable pursuit of the appeal. However, in *Kemether v. Aetna Life and Casualty Co.*, 440 Pa.Super. 468, 656 A.2d 125 (1995), the factual setting was similar to the instant appeal in that a judgment had been entered. The *Kemether* court reasoned that a remand for a confirmation order would be ministerial in nature and proceeded to

review the merits of the appeal. (Both *Dunlap* and *Kemether* observe that it is the court's obligation, and not counsel's initiative which must impel the entry of a confirmation order.)

¶ 7 Since judgment has been entered in the instant matter, we agree with the *Kemether* compromise and we proceed to review the merits of the appeal.[1]

¶ 8 Two features of common law arbitrations are that the award is binding and that any appeal therefrom to the Court of Common Pleas must be made within 30 days of the award. The law provides that:

> The award ... is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable, or unconscionable award.

42 Pa.C.S.A. § 7341.

¶ 9 It has been consistently held that any challenge to an arbitration award must be made in an appeal to the Court of Common Pleas within 30 days of the date of the award. This requirement is a by-product of the statutory requirement that a confirmation of the award may only take place more than 30 days after the date of the award. 42 Pa.C.S.A. § 7342(b); *Lowther v. Roxborough Memorial Hospital*, 738 A.2d 480 (Pa.Super.1999). Instantly, the award of the arbitrators is dated February 24, 1999. The petition to modify was initiated on May 7, 2001, which is well in excess of 26 months after the award. It is, thus, clear that the appeal from the award is, by a period over two years, beyond the appeal period.

¶ 10 In addition, we find that the subject of the appeal is not within the contemplation of § 7341 which allows appeals in cases of fraud, misconduct, corruption or other irregularity. The gravamen of appellants' appeal is that appellee contractor knew of a latent defect in the construction which caused water infiltration at the residence. More specifically, it is claimed that the contractor failed to place "through wall flashing in the back courses adjacent to the weep hole locations".[2] It is argued that this failure on the part of contractor Cress is evidence of fraud. Accordingly, the appeal is based not on any defect in the arbitration proceedings, but upon a litigant's evidentiary posture and disclosures at the time of the arbitration.

¶ 11 The language of § 7341 and decided cases make it evident that only claims which assert some impropriety in the arbitration process may be the subject to an appeal—to the exclusion of appeals which seek review of the merits. *Elkins & Co. v. Suplee*, 371 Pa.Super. 570, 538 A.2d 883 (1988); *Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Assoc., Inc.*, 328 Pa.Super. 357, 477 A.2d 482 (1984); *Parking Unlimited, Inc. v. Monsour Medical Foundation*, 299 Pa.Super. 289, 445 A.2d 758 (1982); *Ginther v. U.S. Fidelity & Guaranty, Co.*, 429 Pa.Super. 255, 632 A.2d 333 (1993). Accordingly, it may be concluded that while the appeal court will entertain a claim that there has been a systemic defect in the proceedings, attempts to add to, or reopen, litigated issues or to rekindle the consideration of the merits are not subject to appeal. Notwithstanding, appellants cite to a single case, *Paugh v. Nationwide Insurance Co.*, 278

---

1. Appellee Cress concedes, in his brief, that the award had been paid by the Snyders several days after its rendition. The satisfaction of the award is a further basis for concluding that a confirmation order would be superfluous.

2. The water infiltration problem relates to a single claim out of twenty-two claims and counter-claims which were before the arbitrators for adjudication.

**1202** ▮

Pa.Super. 108, 420 A.2d 452 (1980), which applies the standard of "unjust inequitable or unconscionable" to the conduct of litigants as well as arbitrators. However, in *Paugh,* a litigant had assumed absolutely conflicting positions on a central issue (identity of driver known vs. identity of driver unknown) in separate judicial proceedings (a trial court and an arbitration). The majority of the three-judge panel in *Paugh* held that the failure to disclose knowledge of the identity of the driver of the phantom vehicle by a party precluded the arbitrators from finding that they had no jurisdiction to hear the claim. We are unwilling to read *Paugh* which involved an extraordinary factual setting as authority for modifying an arbitration award based on a bare claim of fraud with respect to a single element of a complex construction performance award. Since there is no transcript of the arbitration proceedings, appellants' claim of fraud cannot be documented and on appeal from the award, the court would be required to speculate as to the parties' evidentiary posture during the proceedings. The lack of a record and appellants' reliance upon a conclusory claim of fraud by a disappointed litigant in support of his effort to relitigate the issues in the arbitration proceedings, give credence to our high court's allegiance to the finality of common law arbitration awards absent evidence of a defect in the process:

> This is not our first case involving a common law arbitration award that was claimed to be blatantly at odds with the contract involved. Such variance, without more, cannot be a basis for a finding of such misconduct as would justify setting the award aside. There may have been an error of fact or law here. We do not decide whether there was since that is irrelevant. Such factual or legal error as may have occurred here cannot be a basis for setting aside the common law award. It must stand.

*Runewicz v. Keystone Insurance Co.,* 476 Pa. 456, 383 A.2d 189, 193 (1978).

¶ 12 In sum, we have decided that the appeal is properly before us and that the trial court was correct in its *de facto* dismissal of the appeal from a common law arbitration award since the appeal was out-of-time and did not raise an issue appropriate for consideration.

¶ 13 Judgment of arbitration award affirmed.

¶ 14 DEL SOLE, President Judge, concurs in the result.