J-S66034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEMPSEY UNIFORM & LINEN SUPPLY, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| R & F INTERNATIONAL MUFFLER & BRAKE, LLC D/B/A R & F INTERNATIONAL MUFFLER & BRAKE | |
| Appellant | No. 338 MDA 2016 |

Appeal from the Order Entered February 10, 2016
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 15-CV-4162

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED OCTOBER 28, 2016**

R & F International Muffler & Brake, LLC d/b/a R & F International Muffler and Brake ("Appellant") appeals from the order entered in the Lackawanna County Court of Common Pleas, which denied its petition to vacate an arbitrator's award pursuant to 42 Pa.C.S. § 7314.[1]  After careful review, we affirm.

_____

[1] An order denying a petition to vacate or modify an arbitration award is generally not an appealable award.  **See** 42 Pa.C.S. § 7320 (regarding appealable orders in arbitration matters); **Synder v. Cress**, 791 A.2d 1198 (Pa.Super.2002); **Kemether v. Aetna Life & Casualty Co.**, 656 A.2d 125 (Pa.Super.1995).  The proper procedure following entry of such an order is for the trial court to enter an order confirming the arbitration award.  The appeal properly lies from the entry of judgment following the confirmation.  **Sherman v. Amica Mutual Ins. Co.**, 782 A.2d 1006, 1007 n.1
*(Footnote Continued Next Page)*

The trial court summarized the relevant facts and procedural history of this appeal as follows:

> On July 1, 2015, Dempsey Uniform and Linen Supply, Inc. (hereinafter ["Appellee"]) commenced the instant litigation via the filing of a [c]omplaint. The [c]omplaint alleges that on or about August 2, 2013, Tee Feinberg, on behalf of [Appellant's predecessor in interest, International Muffler & Brake, LLC], entered a Rental Service Agreement with [Appellee] for a term of 260 weeks, or from August 1, 2013 through August 1, 2018. On or about January 2, 2015, [Appellant] paid [Appellee] with a check that was later returned for insufficient funds, and [Appellee] advised [Appellant] that it would have to pay by either certified check or cash. The [c]omplaint alleges that [Appellant] has failed to reimburse [Appellee], and has also failed to pay invoices totaling $437.45. The [c]omplaint further alleges that by January 30, 2015, [Appellant] began accepting commercial textile and linen services from a competitor of [Appellee]. The [c]omplaint alleged that [Appellant] had breached the terms of the agreement, and requested that the parties submit to binding arbitration as required by paragraph 11 of the contract.
>
> On August 17, 2015, [Appellant] filed [p]reliminary [o]bjections and a [b]rief in [s]upport thereof, arguing that [Appellee] did not fulfill the conditions precedent to seeking judicial intervention in an arbitration clause. Following discussion between the parties, on August 18, 2015, the parties agreed to submit to Thomas Helbig, Esq. (hereinafter "Arbitrator Helbig") for arbitration. On October 27, 2015, Arbitrator Helbig found that a contract existed between the parties [and] entered an award in favor of [Appellee] in the amount of $9,266.37. On November 30, 2015, [Appellant] filed a [p]etition to [v]acate the

_(Footnote Continued)_ ———————

(Pa.Super.2001), _appeal denied_, 798 A.2d 1291 (Pa.2002). The record in this matter indicates the trial court failed to confirm the underlying arbitration award, but did enter judgment below. We decline to quash this appeal, however, because it was the trial court's responsibility, and not Appellant's, to enter a confirming order. **_See Kemether_**, 656 A.2d at 127.

- 2 -

October 27, 2015 [a]rbitration [a]ward. On December 4, 2015, [Appellee] filed its [a]nswer and [b]rief in [o]pposition to [Appellant's] [p]etition to [v]acate. On January 12, 2016, [Appellant] filed its [b]rief in [s]upport of its [p]etition to [v]acate the October 27, 2015 [a]rbitration [a]ward.

On February 10, 2016, following oral argument, [the trial court] entered an [o]rder denying [Appellant's] [p]etition to [v]acate the October 27, 2015 [a]ward of the Arbitrator. On February 22, 2016, [Appellant] filed a [n]otice of [a]ppeal to the Superior Court of Pennsylvania of the February [10], 2016 [o]rder.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed March 7, 2016 ("1925(a) Opinion"), pp. 1-2 (internal citations omitted).

Appellant raises the following issue for our review:

Whether the trial court erred when it denied the motion of R & F International Muffler & Brake, LLC, to vacate an award of arbitrators dated October 27, 2015, when R & F International Muffler & Brake, LLC was not a signatory to the underlying contract?

Appellant's Brief, p. 1 (all capitals omitted).

Our standard of review of denial of a motion to vacate an arbitrator's award is well-settled: "we will reverse a trial court's decision regarding whether to vacate an arbitration award only for an abuse of discretion or error of law." *Joseph v. Advest, Inc.*, 906 A.2d 1205, 1208 (Pa.Super.2006) (quoting *Conner v. DaimlerChrysler Corp.*, 820 A.2d 1266, 1269 (Pa.Super.2003)).

The Uniform Arbitration Act provides, in relevant part:

**§ 7314. Vacating award by court**

**(a) General rule.--**

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S. § 7314.

Here, Appellant claims it is not bound by the arbitration clause of the underlying contract because it was not an actual signatory to the contract. The gist of Appellant's argument is that International Muffler & Brake, LLC, not R & F International Muffler & Brake, LLC ("International") entered the contract with Appellee. **See** Appellant's Brief, pp. 2-4. However, Appellant, which itself describes International as its "predecessor", abided by the terms of the contract up until the payment dispute. **See** Brief In Support of the [Appellant's] Motion to Vacate Award of Arbitrator, filed January 12, 2016, p. 1 (unnumbered). Additionally, when its dishonored check began this

dispute, Appellant did not disavow the contract, but instead simply argued that the contract did not require it to provide secured payment. The record further belies Appellant's claim that it did not intend to be bound by the arbitration clause in that (1) Appellant's preliminary objections to Appellee's complaint sought the enforcement of the contract's arbitration provision that required the parties to submit to arbitration prior to seeking judicial intervention, and (2) the parties actually agreed to, and participated in, arbitration pursuant to the contract.[2] Further, the trial court convincingly explained its denial of Appellant's motion to vacate the arbitrator's award thusly:

> We find that [Appellant] was not denied a hearing, nor that fraud, misconduct, corruption, or other irregularity caused an inequitable award. The record reflects that the parties agreed to submit to Arbitrator Helbig on August 18, 2015. Not only did [Appellee's] [c]omplaint include a demand for [a]rbitration based upon the underlying contract, but [Appellant] subsequently filed [p]reliminary [o]bjections alleging that [Appellee] failed to submit to arbitration as required by the purported agreement. Arbitration was conducted in the office of Arbitrator Helbig on October 26, 2015. On October 27, 2015, following the arbitration, Arbitrator Helbig issued his decision in favor of [Appellee] in the amount of $9,266.37. In reviewing the record, there is not fraud, misconduct, corruption or apparent irregularity that occurred in the arbitration process which would allow this [c]ourt to vacate the award. Accordingly, [Appellant]

---

[2] The federal case Appellant cites for the proposition that a party is not bound by an arbitration agreement which it did not sign – *Fiat v. S.P.A. v. Minister of Finance and Planning of the Republic of Suriname*, 1989 U.S. Dist. LEXIS 11995 (S.D.N.Y.1989) – is distinguishable in that it deals with a third party non-signatory, not a successor who abided by the contract and sought enforcement of its arbitration clause in the course of litigation.

failed to meet its burden of proof establishing its entitlement to relief by clear, precise and indubitable evidence.

1925(a) Opinion, pp. 4-5 (internal citations omitted).

The record supports the trial court's assessment of the facts and determination of the petition to vacate the arbitrator's award in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016