J-A20017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PELLMAN ELECTRIC, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PARROT CONSTRUCTION CORP. | |
| Appellant | No. 1365 WDA 2015 |

Appeal from the Order Entered August 6, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD 10 002006

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:　　　　　　　　**FILED FEBRUARY 9, 2017**

Appellant, Parrot Construction Corp. ("Parrot"), appeals from the August 6, 2015 order of the Court of Common Pleas of Allegheny County ("trial court") granting Pellman Electric, Inc.'s ("Pellman") motion to enter judgment on arbitration award.  Upon review, we affirm.

The action arises from a construction subcontract entered into by Parrot and Pellman.  On February 1, 2010, Pellman filed a complaint alleging three counts of breach of contract against Parrot.  On April 20, 2010, Parrot filed an answer, new matter, and counterclaim asserting breach of contract and defamation claims.  Following multiple discovery motions and motions to continue trial, the trial court granted a motion to stay on October 23, 2012 after the parties had agreed to private arbitration.

On August 5, 2014, the trial court appointed either John Lippl, Esquire, and/or John Perkins, Esquire, as arbitrator for the private arbitration. On April 2, 2015, the parties entered an arbitration agreement which appointed John Perkins, Esquire, as the arbitrator. An arbitration hearing was held on April 16, 2015, and on May 12, 2015, the arbitrator issued an award of $53,369.74 to Pellman. Subsequently, Pellman filed a motion to enter judgment on August 6, 2015. That same date, the trial court granted the motion noting that Parrot failed to file a petition to vacate or modify the arbitration award within thirty days. Parrot filed a motion for reconsideration on September 3, 2015. The following day Parrot filed a notice of appeal. The trial court did not direct Parrot to file a concise statement of errors complained of on appeal; however, the trial court entered an opinion on December 1, 2015, noting that it did not have jurisdiction over the motion for reconsideration as Parrot had filed a notice of appeal.

Parrot raises two issues on appeal,[1] which we quote verbatim.

I.  Whether [the trial court] erred when it granted Pellman's Motion for Entry of Judgment on Arbitration Award despite Parrot's timely attempt to exercise their appellate rights in accordance with the American Arbitration Association ("AAA") rules governing the arbitration between the parties[.]

   a. Whether the arbitration agreement contemplated appellate arbitration[.]

_____

[1] Parrot's first issue contains two subparts.

b. Whether [Parrot] timely filed for appellate arbitration[.]

II. Whether the [trial court] erred when it held that the arbitration decision constituted a final award subject to confirmation under 42 Pa.C.S.[A.] § 7342[.]

Appellant's Brief at 8.

Parrot's first issue is an issue of contract interpretation, specifically, whether the arbitration agreement entered into by the parties includes appellate arbitration.

In Pennsylvania, there are two types of arbitration, statutory arbitration and common law arbitration. ***Snyder v. Cress***, 791 A.2d 1198 1200 (Pa. Super. 2002). In the matter *sub judice*, the arbitration agreement contains the following language: "[t]he Arbitrator shall conduct the hearing in the manner that he deems reasonable and appropriate. The arbitrator will require witnesses to testify under oath. The Arbitration will be conducted in accordance with the Arbitration Rules of American Arbitration Association." Motion to Enter Judgment on Arbitration Award, 8/6/2015, at Ex. C. As the arbitration agreement does not specify that the Uniform Arbitration Act[2] applies and does state the AAA rules apply, the matter arises under common law arbitration. ***See also Runewicz v. Keystone Insurance Company***, 383 A.2d 189, 191 (Pa. 1978) (an arbitration agreement that provided the rules of the American Arbitration Association apply is a common law arbitration).

_____

[2] 73 Pa.C.S.A. §§ 7301-7320.

The Appellant's argument is that the parties had agreed to use the AAA rules, including the section titled "Optional Appellate Rules." These rules provide

> [w]henever, by stipulation or in their contract, the parties have provided for the appeal of an arbitration award ("Underlying Award") rendered under the auspices of the American Arbitration Association (AAA), or the Internal Centre for Dispute Resolution (ICDR), or have otherwise provided for these Appellate Arbitration Rules, they shall be deemed to have made these Rules, as amended and in effect as of the date of the submission of the appeal, a part of their agreement.

AAA Optional Appellate Rule A-1 pg 51. Parrot's argument is fatally flawed as the agreement does not state that the **optional** appellate rules applied. Without such an agreement, the optional rules clearly do not apply. Moreover, the title of the AAA optional appellate rules clearly suggests these appellate rules do not automatically apply and must be elected by the parties. Parrot's first claim fails.

Parrot's second claim is that the trial court erred, when it entered the order confirming the arbitrator's decision and to enter judgment, because the arbitration appeal was not final. A common law arbitration award "is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341. "Two features of common law arbitrations are that the award is binding and that any appeal therefrom to the Court of

Common Pleas must be made within 30 days of the award." **Snyder**, 791 A.2d at 1201. As we previously determined that the AAA optional appellate rules did not apply to the instant action, and Parrot failed to file a petition to modify or vacate the arbitration award within 30 days, the arbitration was final and the trial court properly entered judgment upon Pellman's motion. Parrot's second claim fails.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2017