J-A08019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES D. SCHNELLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HALFPENNY MANAGEMENT CO. AND RICHARD CARR | |
| Appellees | No. 520 EDA 2016 |

Appeal from the Order Entered January 15, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-3653

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 28, 2017**

James D. Schneller appeals, *pro se*, from the trial court's January 15, 2016 order denying his motion to vacate an arbitration award.  After careful review, we affirm.[1]

The trial court aptly summarized the underlying facts of the instant case:

> The record in the instant matter establishes that [Schneller] instituted this action in this Court by filing an appeal from a judgment entered in the District Court.  This case involves counter-claims asserted by [Schneller] as part of a Landlord-

---

[*] Former Justice specially assigned to the Superior Court.

[1] We, herein, deny Schneller's motion for peremptory writ of mandamus and writ of prohibition.

Tenant dispute with [Appellee, Halfpenny Management Co.[2]] which gave rise to [a] . . . related action.[3]

In conjunction with his appeal, [Schneller] filed his usual application to proceed *In Forma Pauperis*, which the Court, per the Honorable James F. Proud, since retired, denied by [o]rder dated April 22, 2013. When [Schneller] failed to pay the Court filing fee for his [a]ppeal, the Director of Judicial Support [a]dministratively struck the appeal on May 3, 2013.

Thereafter, [Schneller] field a Petition for Reinstatement of his appeal, and by [o]rder dated August 5, 2013, the [c]ourt granted the [p]etition and reinstated the appeal. The matter proceeded to [a]rbitration and[,] on January 6, 2014[,] the Board of Arbitrators issued an [a]ward in favor of [Halfpenny] and against [Schneller]. Notice of the Arbitration Award was mailed to the [p]arties on January 6, 2014[,] and no appeal from the [a]ward ever was filed by [Schneller] or any other [p]arty.

Almost twenty-one months later, on October 2, 2015, [Schneller] filed his Motion to Strike or Vacate Award of Arbitrators. By [o]rder dated January 14, 2016, the [c]ourt denied [Schneller's] [m]otion. It is from this [o]rder that [Schneller] now has filed his notice of appeal to the Superior Court of Pennsylvania.

Trial Court Opinion, 10/6/16, at 1-2 (italics added).

On March 17, 2016, our Court ordered Schneller to enter judgment on the trial court docket, pursuant to Pa.R.A.P. 301, or suffer dismissal of the appeal. *See Dunlop by Hoffman v. State Farm Ins.*, 546 A.2d 1209 (Pa. Super. 1988) (order denying petition to vacate arbitration award not final appealable order when order never reduced to final judgment). When

---

[2] Appellee Richard Carr owns the leased property; Halfpenny manages the premises.

[3] *See* related appeal at 521 EDA 2016.

- 2 -

Schneller failed to timely comply with the order, our Court *sua sponte* quashed the appeal on April 15, 2016. However, on May 3, 2016, Schneller filed an application to reconsider our quashal order. On June 2, 2016, our Court granted the application for reconsideration and reinstated Schneller's appeal. Schneller filed a timely court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. He raises the following issues, verbatim:

> (1) Has the trial court abused [its] discretion, erred in the law and findings, and deprived Constitutional rights, by denying the motion to strike or vacate [the] award of arbitrators and for leave to amend the complaint to add new evidence and claims?
>
> (2) Has the trial court erred and may the court vacate, due to law of the case and coordinate jurisdiction prevalent over the matter of application for leave to proceed *in forma pauperis*.

Appellant's Brief, at 13.

Schneller first contends that the trial court erred in denying his motion to strike the arbitrator's award and for leave to amend his complaint to add new evidence and claims.

Initially, we note that Schneller never appealed from the arbitrator's decision entered on January 6, 2014. Pursuant to Pa.R.C.P. 1308:

> (a) An appeal from an award shall be taken by
>
> > (1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided as required by Rule 1307(a)(3), and

- 3 -

(2) payment to the prothonotary of the compensation of the arbitrators not exceeding fifty percent of the amount in controversy, which shall not be taxed as costs or be recoverable in any proceeding;

> provided that the court, in an appropriate case, upon petition may permit the appellant to proceed in forma pauperis.

Pa.R.C.P. 1308. Thus, procedurally, in order to preserve any challenge to the arbitrator's award, Schneller was required to file a timely notice of appeal from that order. Because of his procedural misstep, the fact that the trial court's order denying his motion to vacate the arbitration award was reduced to judgment is of no moment. The fact remains that Schneller's failure to properly preserve the initial challenge to the award precludes our review of the issue.[4]

Schneller's second issue has already been disposed of in our Court's prior panel decision. *See **Halfpenny Management Co. and Richard Carr v. James D. Schneller***, No. 2095 EDA 2014 (Pa. Super. filed April 16, 2015) (because Schneller did not appeal from final orders dated April 13, 2013 and March 4, 2014, that denied him *in forma pauperis* status, we were precluded from addressing whether court properly denied him such status

---

[4] However, even if we were to address the merits of this issue, we would conclude that the trial court's order denying Schneller's motion to vacate the arbitrators' award was not an abuse of discretion where: Halfpenny provided written notice to Schneller to quit the leased premises effective February 28, 2013; the parties had a month-to-month lease with the right to terminate for any reason or no reason at all; and Schneller refused to relinquish possession of the demised premises.

based upon ability to pay court costs); *see also **Morgan Guarantee Trust Co. of new York v. Mowl***, 705 A.2d 923 (Pa. Super. 1998) (where party fails to appeal final order, it operates as res judicata on issues decided). We will not revisit this issue.

Order affirmed.[5]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2017

---

[5] Although apparently not raised in the trial court, we remind the parties that a defendant may file a motion to dismiss a *pro se* plaintiff's action on the basis that the plaintiff is alleging the same or related claims which he or she has raised in a prior action against the same or related defendants and where these claims have already been resolved pursuant to a court proceeding. ***See*** Pa.R.C.P. 233.1(a)(1) & (2). In such cases where the trial court grants a defendant's motion under Rule 233.1, the court may further bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court. Pa.R.C.P. 233.1(c). Moreover, the court may *sua sponte* dismiss an action that is filed in violation of a court order entered under Rule 233.1(c).