J-S21044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRANDON ROOK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MCNEIL CONTRACTING, LLC | : | |
| | : | |
| Appellant | : | No. 2442 EDA 2024 |

Appeal from the Judgment Entered July 18, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240301520

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 1, 2025**

This appeal is from the judgment entered in connection with the trial court's order confirming the arbitration award in favor of Brandon Rook and against McNeil Contracting, LLC (McNeil).  McNeil purports to appeal from the order denying its petition to open and/or strike a default judgment.  We quash.

The trial court set forth the facts of this case as follows:

The underlying dispute arose out of a contractor agreement.  [] Rook [] entered [into] a contract with McNeil [] to complete work on [Rook]'s property in September 2021.  In the contract, the parties agreed to [arbitrate] any disputes.  According to [Rook], [McNeil] failed to complete the work as agreed upon, so [Rook] initiated arbitration.

[Rook] contends that service of the notice of arbitration was effectuated in accordance with the rules of the American Arbitration Association.  However, [McNeil] failed to appear for the arbitration on January 19, 2024.  As a result, the arbitrator

_____

[*] Retired Senior Judge assigned to the Superior Court.

entered a final award in [Rook's] favor [] for $50,000. [McNeil] failed to file any appeal or objection to the arbitration within the thirty-day window, so [Rook] filed a petition to confirm [the] final award of [the] arbitrator and enter judgment with the court [] on March 13, 2024. [. . .]

[McNeil] filed an answer to [Rook's] petition [to confirm,] dated July 16, 2024, the day before the hearing [thereon]. However, it was not processed and entered onto the docket until July 17, after the hearing was scheduled to begin. [On July 18, 2024], the court granted [Rook]'s petition [to confirm the arbitration award and entered judgment thereon]. On July 24, 2024, [McNeil] filed a petition to open and/or strike [a] default judgment[,] [which is the subject of] the instant appeal[. . . .] The court denied [McNeil]'s petition [] on August 20, 2024. Judgment was entered in [Rook's] favor [against garnishee Wells Fargo Bank] on September 5, 2025.

Trial Court Opinion, 1/8/25, at 1-2 (internal citations and unnecessary capitalization omitted). McNeil filed an appeal on September 12, 2024.

Although McNeil purports to appeal from the August 20, 2024 order denying its petition to strike and/or open a default judgment, the court never entered a default judgment. Instead, we conclude that this appeal properly lies from the judgment entered contemporaneous with the issuance of the order confirming the arbitration award.[1] *See Seay v. Prudential Insurance Company*, 543 A.2d 1166, 1168 (Pa. Super. 1988) (citing 42 Pa.C.S. §§ 7320 and 7316) (appeal only proper from judgment entered after order on arbitration award).

Here, the trial court entered judgment against McNeil on July 18, 2024, in the same order in which it confirmed the arbitration award. *See* Order,

_____

[1] We have amended the caption accordingly.

7/18/24 (ordering that "judgment is entered in favor of plaintiff Brandon Rook and against McNeil Contracting, LLC[,] in accord[ance] with the terms of the arbitration award for $50,875"); *see also* Trial Court Docket, 7/18/24 (entry #10) (same). Thereafter, McNeil filed a notice of appeal on September 5, 2024, beyond the thirty-day period for filing a timely appeal. *See Seay*, 543 A.2d at 1168; *see also* Pa.R.A.P. 902, 903(a). Accordingly, we quash this untimely appeal.[2]

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2025

---

[2] Even if we did not quash this appeal, we would find McNeil failed to preserve any challenge to the arbitrator's award by failing to file a timely petition to vacate or modify the arbitration award. *See U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 877 (Pa. Super. 2006) ("A party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived."); *see also* 42 Pa.C.S. §§ 7321.24(b), (d), 7321.25(c). In any event, the court was required to enter judgment in Rook's favor confirming the award. *See* 42 Pa.C.S. §7342(b) ("On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order.").