**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENN-CHING LUO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LOWE'S HOME CENTERS, LLC, JAMES | : | No. 284 EDA 2018 |
| R. WALTERS, and CHRIS S. ERNEST | : | |

Appeal from the Judgment Entered February 12, 2018
In the Court of Common Pleas of Chester County Civil
Division at No(s):  2014-09864

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 02, 2018**

Jenn-Ching Luo appeals *pro se* from the judgment[1] entered in the Chester County Court of Common Pleas following the trial court's denial of his petition to vacate his arbitration award. Appellant raises many, many challenges to the trial court's rulings over the three-year course of this matter. Given the woeful state of Appellant's brief, we dismiss this appeal.

---

[1] Appellant purports to appeal, in part, from the order entered December 27, 2017, denying his petition to vacate an arbitration award. **See** Notice of Appeal, 1/18/18. However, "a court order denying a petition to vacate … is not an appealable order." **Dunlap by Hoffman, State Farm Ins. Co**., 546 A.2d 1209, 1210 (Pa. Super. 1988). Rather it is the final judgment entered following the denial of this petition which is appealable. **See id**., at 1211. Judgment was not entered until February 12, 2018, making Appellant's notice of appeal prematurely filed. However, as judgment has been entered in this matter, we will treat the notice of appeal previously filed in this case as filed after the entry of judgment. **See** Pa.R.A.P. 905(a)(5). The appeals statement has been corrected.

Due to our disposition, a detailed recitation of the facts and procedural history of this case is unnecessary. Briefly, in the spring of 2014, Appellant contracted with Appellee, Lowe's Home Centers, LLC ("Lowe's") for the installation of a new residential roof, skylights, and gutters. The contract between Appellant and Lowe's contained a standard arbitration clause. Lowe's hired Kolb Roofing Company, owned by Appellee, James R. Walters, to perform the work described in Appellant's installation contract.

Walters completed the work on Appellant's property on June 3, 2014. Following the installation, Appellant contacted Lowe's claiming Walters failure to adequately protect against a brief rainstorm during the installation damaged his property. Lowe's contracted with Appellee, Charles S. Ernest, to evaluate the alleged damages to Appellant's property. However, when Ernest's estimate of the damage did not meet Appellant's expectations, Appellant filed suit against Lowe's, Walters, and Ernest in the Chester County Court of Common Pleas.

Following a series of motions and trial court rulings, this case proceeded to arbitration on July 7, 2017. The arbitrator found in favor of Appellant and against Lowe's and Walters in the amount of $2,034.07.[2] As the arbitrator's award was significantly below Appellant's requested damages of $451,000.00, Appellant filed a petition to vacate the arbitration award. This appeal follows

---

[2] The arbitrator found that Ernest was not liable to Appellant.

the trial court's denial of his petition to vacate, and subsequent confirmation, of his arbitration award.

Preliminarily, we note Appellant raises a staggering *23* issues in his appellate brief. Issue selection is a key hallmark of appellate advocacy. Justice Robert H. Jackson warned of the dangers of this shotgun approach many years ago:

> Legal contentions, like the currency, depreciate through overissue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at a lack of confidence in any one. Of course, I have not forgotten the reluctance with which a lawyer abandons even the weakest point lest it prove alluring to the same kind of judge. But experience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one.

Ruggero J. Aldisert, J. "Winning on Appeal: Better Briefs and Oral Argument," at 130 (2d ed. 2003) (quoting Robert H. Jackson, "Advocacy Before the United States Supreme Court," 37 Cornell L.Q. 1, 5 (1951)). This "much quoted" advice, unfortunately, "often 'rings hollow'…." **Commonwealth v. Robinson**, 864 A.2d 460, 480 n.28 (Pa. 2004) (citing Ruggero J. Aldisert, J. "The Appellate Bar: Professional Competence and Professional Responsibility–A View From the Jaundiced Eye of the Appellate Judge," 11 Cap. U.L. Rev. 445, 458 (1982)). But its importance cannot be overstated. **See**, **e.g.**, **Jones v. Barnes**, 463 U.S. 745, 751-752 (1983) ("Experienced advocates since time beyond memory emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most

on a few key issues."); ***Howard v. Gramley***, 225 F.3d 784, 791 (7th Cir. 2000) ("[O]ne of the most important parts of appellate advocacy is the selection of the proper claims to urge on appeal. Throwing in every conceivable point is distracting to appellate judges, consumes space that should be devoted to developing the arguments with some promise, inevitably clutters the brief with issues that have no chance … and is overall bad appellate advocacy."); Aldisert, ***supra*** at 129 ("When I read an appellant's brief that contains more than six points, a presumption arises that there is no merit to *any* of them.")

Nevertheless, we would ordinarily proceed by evaluating Appellant's preserved arguments. However, perhaps due to Appellant's attempt to raise such an extraordinary number of issues on appeal, the resulting brief is, frankly, a convoluted mess that violates several of the appellate rules. We need not catalog the violations at length here. We need only highlight the most egregious violations and problems.

Importantly, we recognize that

> appellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005) (citations omitted).

Rule 2119 governs the argument section of an appellate brief. ***See*** Pa.R.A.P. 2119. The rule provides:

- 4 -

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

Pa.R.A.P. 2119(a)-(d).

"This Court will not consider the merits of an argument which fails to cite relevant legal case or statutory authority. Failure to cite relevant legal authority constitutes waiver of this claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (citations and quotation marks omitted).

While we recognize Appellant is proceeding *pro se* in this appeal, we note that, "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-252 (Pa. Super. 2003). As such, a *pro se* litigant must comply with the requirements as set forth in the Pennsylvania Rules of Appellate Procedure. *See id*., at 252.

Our review of Appellant's brief reveals substantial and numerous violations of the appellate rules. Although his brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Appellant raises *23* issues on appeal, but only divides the argument portion of his brief into *five* sections. While some of these sections include subsections, they are repetitive of previously argued issues and do not correspond with the issues raised on appeal.

Additionally, throughout the entirety of his argument section, Appellant fails to cite to the record. *See* Pa.R.A.P. 2119(c)-(d). Instead, claiming his own recitation of the facts was "verified," Appellant cites to his own brief rather than the record on appeal. *See*, *e.g*., Appellant's Brief, at 59 ("[I]t has been verified previously that [Appellant] completely complied with the Pennsylvania Rule of Civil Procedure to serve the 10-day notice … on Walters. (This Br. pp. 30-31)").

Finally, and most importantly, while Appellant's brief contains numerous references to case law, it is devoid of references to *relevant* case law. *See* Pa.R.A.P. 2119(a). The majority of Appellant's citations only serve to define legal concepts, exist outside our jurisdiction, or are entirely wildly inaccurate statements of the law. *See*, *e.g*., Appellant's Brief, at 65 (defining "defense upon the merits"), 61 (citing "Reshard v. McQueen, 562 So. 2D 811 (Fla. 1st DCA 1990)")), 62 (citing ***Frow v. De La Vega***, 82 U.S. 552 (1872) for proposition that defaulting defendant could not defend a second amended complaint; in fact, ***Frow*** does not contemplate a second amended complaint).

The remainder of his citations do not support the legal positions Appellant has taken in his brief. *See*, *e.g*., Appellant's Brief, at 59-60 (citing law relating to a petition to *strike* in support of his argument that the trial court erred in granting Walters's petition to *open*). Appellant's brief, unsupported by references to the record or citation to relevant authority, does not provide this Court with any basis upon which to engage in meaningful appellate review.

Given the numerous problems with Appellant's brief, we are constrained to dismiss this appeal.[3]

Appeal dismissed. Motions denied and denied without prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18

---

[3] On October 5, 2018, Walters filed a "Motion for Cost of Producing the Supplemental Reproduced Record." Walters is entitled to the award of costs. *See* Pa.R.A.P. 2741(1). The costs recoverable include the costs of paperbooks (briefs and reproduced records). *See* Pa.R.A.P. 2742. However, Walters should not be seeking costs in this Court. The proper procedure is to file a bill of costs in the prothonotary of the trial court. *See* Pa.R.A.P. 2762(a). *See also* G. Ronald Darlington, et al., West's Pennsylvania Practice, Pennsylvania Appellate Practice § 2762:1, at p. 834 (2009-10 ed.) ("Except in cases that have gone to the Supreme Court, all appellate costs are to be collected in the lower court in the same manner as costs in the lower court are normally collected, that is, through a bill of costs.")

Additionally, on October 12, 2018, Walters filed a "Motion for Sanctions Against Appellant." We deny this motion. *See* Pa.R.A.P. 2744 ("appellate court may award as further damages costs).