J-A05018-18

2018 PA Super 67

| | | |
|---|---|---|
| DONALD E. HAVILAND, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KLINE & SPECTER, P.C. | : | No. 1791 EDA 2017 |

Appeal from the Order Entered May 12, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 080900336

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

OPINION BY MURRAY, J.: **FILED MARCH 22, 2018**

Appellant, Donald E. Haviland, Jr. (Haviland), appeals from the order denying his petition for a preliminary or special injunction to disqualify retired Judge Mark Bernstein (Bernstein) as the court-appointed neutral arbitrator in this matter. For the reasons that follow, we quash this appeal.

Haviland and the law firm Kline & Specter (K&S) have been involved in a long and acrimonious series of disputes. In November 2001, K&S hired Haviland, who is an attorney, to manage its newly-formed Class Action Department. The employment agreement between Haviland and K&S (Employment Agreement) set forth the terms that would control the allocation of client fees and costs in the event Haviland were to leave K&S. Specifically, Paragraph 5 of the Employment Agreement stated that Haviland would have to pay K&S a "referral fee" in the amount of one-third of the total fees he received for any non-class action matter in which he continued to act as

_____

* Former Justice specially assigned to the Superior Court.

counsel after leaving K&S. Employment Agreement, ¶ 5. During his employment with K&S, Haviland represented the Commonwealth of Pennsylvania (Commonwealth) in several lawsuits involving major brand-name prescription drug companies known as the *PA-AWP* and *Lupron Blues* litigation.

In September 2006, Haviland left K&S because the law firm had decided to close its Class Action Department. Upon leaving, Haviland continued to act as counsel for the Commonwealth in the *PA-AWP* and *Lupron Blues* litigation. Approximately six months later, Haviland obtained the Commonwealth's first favorable settlement with a defendant in those cases.

On July 13, 2007, K&S filed a Petition for the Appointment of an Arbitrator to adjudicate its dispute with Haviland regarding the apportionment of costs and fees that Haviland and K&S would receive under the Employment Agreement stemming from the *PA-AWP* and *Lupron Blues* litigation. K&S contended that Paragraph 5 of the Employment Agreement required Haviland to pay K&S one-third of the total fees he received from the settlements in the *PA-AWP* and *Lupron Blues* cases. This petition was the genesis of the series lawsuits and arbitration proceedings and awards that Haviland and K&S continue to litigate to this day.[1]

---

[1] K&S prevailed against Haviland in the arbitration proceedings that began in July 2007. On October 3, 2011, Haviland was ordered to pay K&S $5,739,490.15, representing one-third of the fees that he had received in the *PA-AWP* and *Lupron Blues* litigation (plus 6% interest).

On September 3, 2008, Haviland commenced this action by filing a praecipe to issue a writ of summons. On November 13, 2008, the trial court stayed the action pending the outcome of the arbitration proceedings in the aforementioned related dispute between the parties. On January 22, 2016, following the arbitration award in the related dispute, Haviland filed a complaint in the instant action in which he alleged that K&S breached Paragraph 6 of the Employment Agreement, which governs the allocation of costs and fees in class-action lawsuits in which Haviland continued to act as counsel after leaving K&S. Haviland alleged that he was entitled to fees stemming from several class-action lawsuits (unrelated to the *PA-AWP* and *Lupron Blues* cases) that he handled while working for K&S that he never received.

On February 2, 2016, K&S filed preliminary objections in which it asked the trial court to compel Haviland to submit his claims to arbitration pursuant to Paragraph 10 of Employment Agreement. Paragraph 10 of the Employment Agreement provides that the parties agreed to enforce the Employment Agreement "by either binding arbitration under [Pennsylvania's] Arbitration Act of 1927 or through court action, at the option of K&S[.]" Employment Agreement, ¶ 10. On March 17, 2016, the trial court sustained in part and overruled in part the preliminary objections, remanding the matter to arbitration pursuant to Paragraph 10 of the Employment Agreement.

Importantly, the trial court's March 17, 2016 order required Haviland and K&S to each appoint an arbitrator and provide notice to all parties of the individual selected within 20 days of the date of the order. The order further provided that the named arbitrators for each party were to confer and select a third, neutral arbitrator within 45 days of the date of the order. The order stated that if the named arbitrators were unable to agree upon a neutral arbitrator, the trial court would appoint one.

After both parties selected their arbitrators, the arbitrators convened, but were unable to agree on a third, neutral arbitrator. Over the course of the next several months, the trial court successively appointed three neutral arbitrators, each of whom recused themselves from the case. Two of the arbitrators left the case after Haviland sought their recusal, and the other arbitrator recused on his own accord. Thereafter, the trial court appointed Bernstein.

On January 13 and 19, 2017, in response to Bernstein's request for information relating to the dispute, Haviland asked Bernstein to disclose any conflicts of interest prior to taking any action in this matter. On January 20, 2017, Bernstein responded by email that he was a retired judge from the Court of Common Pleas of Philadelphia County, that he had presided over cases involving Haviland's counsel and other cases involving K&S, and that since his retirement he had not arbitrated any disputes involving either of the parties. Haviland's Petition to Disqualify/Enjoin Bernstein, 4/20/17, Exhibit 5

(Bernstein Email, 1/20/17). Thus, Bernstein stated that he did not believe that any conflict existed that would preclude him from serving as a neutral arbitrator in this case. *Id.*

On February 18, 2017, however, Bernstein sent Haviland another email in which he discussed a potential conflict relating to his employment as an adjunct professor at the Thomas R. Kline School of Law at Drexel University. Thomas Kline (Kline), one of the named partners at K&S, made a large donation to the law school, which was renamed in his honor. In the February 18, 2017 email to Haviland's counsel, Bernstein stated:

> By email dated January 20, 2017, a copy of which is below, I advised that there are no conflicts that would prohibit my participation in this matter. I can only imagine that your client is concerned because I am [*sic*] adjunct professor at the Thomas R. Kline [S]chool of [L]aw. I believe that fact is commonly known and is contained on my C.V. which can be publicly found on my website www.judgebernstein.org. What may not be common knowledge is I have been teaching at Drexel [S]chool of Law before its name was changed and when it was known as the Earle Mack [S]chool of [L]aw. Please advise your clients that there are no conflicts that would prohibit my participation as an arbitrator in this matter.

*Id.* at Exhibit 6 (Bernstein Email, 2/18/2017).

On March 9, 2017, in a letter to Bernstein, Haviland formally motioned for Bernstein's recusal based on his employment at the Thomas R. Kline School of Law at Drexel University. *Id.* at Exhibit 7 (Letter, 3/9/17). Haviland asserted that Bernstein was "consciously or subconsciously" predisposed to

ruling against him because Kline had made a substantial gift to Bernstein's employer, was the Chairman of the Board of the law school, and because Bernstein was under the supervision of Gwen Roseman Stern, the Director of Trial Advocacy at the law school and the wife of an attorney at K&S. *Id.*

On April 3, 2017, by email, Bernstein denied Haviland's motion for disqualification and recusal. Bernstein explained: "I have no doubt of my ability to participate as a neutral arbitrator on this panel of arbitrators to decide the issues presented solely on the basis of the law and evidence." *Id.* at Exhibit 9 (Bernstein Email, 4/3/17). Bernstein maintained that he has taught at the law school since long before it was renamed the Thomas R. Kline School of Law and that Kline has no involvement with his teaching at the school.

On April 20, 2017, Haviland filed with the trial court a petition for a preliminary or special injunction to enjoin and disqualify Bernstein from acting as the neutral arbitrator. In addition to the aforementioned alleged potential conflicts, Haviland argued that Bernstein must recuse for failing to make complete and timely disclosures of the alleged disqualifying conflicts of interest. On May 12, 2017, the trial court denied Haviland's petition to disqualify Bernstein. The trial court concluded that "a reasonable person would not question Bernstein's ability to be impartial[.]" Trial Ct. Op., 7/17/17, at 8. The court explained:

> Bernstein is recently retired from sitting on the bench
> for the Court of Common Pleas of Philadelphia and is

- 6 -

familiar and aware of his duty to be impartial. He was appointed by this court for his experience and reputation for integrity and fairness. Bernstein is an adjunct professor and does teach two courses at the Thomas R. Kline School of Law, Advanced Evidence and Pennsylvania Practice. The courses were designed by Bernstein at the request of the then Dean Roger Denis. These courses are the same two courses he taught when the law school was known as [the] Earle Macke School of Law. Kline had nothing to do with Bernstein's position at the law school and continues to have no involvement in Bernstein's teaching of these courses. Similarly, as for the allegations that Bernstein is supervised by the wife of an attorney employed by [K&S], there is no evidence that Bernstein and Ms. Stern have any contact with one another at the law school. Based on the foregoing, one may not reasonably conclude that Bernstein will be influenced in favor of defendant.

*Id.* at 7-8.

On May 23, 2017, Haviland filed a timely notice of appeal.[2] On August 3, 2017, K&S responded by filing an application to dismiss on the basis that Haviland had filed an appeal from a non-appealable order. On September 14, 2017, this Court, by *per curiam* order, denied the application without prejudice to K&S's right to raise the issue before the merits panel.

On appeal, Haviland presents the following issue for our review:

Whether the trial court erred in improperly and reflexively denying [Haviland]'s Petition for Injunctive Relief, without a hearing or argument, where ample evidence demonstrated the need to enjoin this

_____

[2] The trial court did not order Haviland to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The trial court, however, did author an opinion in support of its decision.

> arbitration from proceeding with [Bernstein] as the purported "neutral arbitrator," because of his significant conflicts of interest, which he repeatedly resisted even disclosing.

Haviland's Brief at 2.

Before discussing the issue raised by Haviland, we address K&S's application to dismiss this appeal, as it implicates our jurisdiction. K&S argues that we should quash Haviland's appeal as interlocutory.

In support of this argument, K&S first asserts that the trial court's order denying Haviland's petition to disqualify Bernstein from acting as the neutral arbitrator is an interlocutory order that is not appealable as of right or as a collateral order. In his answer, Haviland responds by arguing that because he is appealing from an order denying a petition to **enjoin** Bernstein from acting as the neutral arbitrator, the order is appealable as of right under Rule 311(a)(4) of the Pennsylvania Rules of Appellate Procedure as an order denying an injunction.

This Court may address the merits of an appeal taken from "(a) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by permission; or (4) a collateral order." **Commerce Bank v. Kessler**, 46 A.3d 724, 728 (Pa. Super. 2012), **quoting Stahl v. Redcay**, 897 A.2d 478, 485 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 341(b). "As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." **Am. Indep. Ins. Co. v. E.S.**,

809 A.2d 388, 391 (Pa. Super. 2002); *see also* Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a government unit or trial court.").

The May 12, 2017 order denying Haviland's petition to disqualify does not constitute a final order as defined by Rule 341(b). The order plainly does not dispose of all claims and all parties, as Haviland sought the recusal of Bernstein prior to the arbitration award in this case. Haviland does not dispute this assessment. Rather, Haviland asserts that the order is appealable under Rule 311(a), which governs appeals as of right from interlocutory orders, as an order denying an injunction. Rule 311(a)(4) permits an interlocutory appeal as of right taken from an order "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions." Pa.R.A.P. 311(a)(4).

Haviland titled his motion seeking the recusal of Bernstein as follows: "Plaintiff Haviland's Petition For A Preliminary Or Special Injunction To Enjoin And Disqualify Mark I. Bernstein From Acting As The 'Neutral' Arbitrator." Petition to Enjoin and Disqualify, 4/20/17. Although Haviland asks this Court to interpret his petition to enjoin and disqualify as a request for injunctive relief, our review of the petition reveals that Haviland sought nothing more than for the trial court to order the disqualification or recusal of Bernstein as arbitrator. *See id.* This Court has held that "[f]or purposes of considering timeliness of appeals we must look beyond the title to the contents and

substance of the motion in order to characterize it." ***Maliszewski v. Rendon***, 542 A.2d 170 n.1 (Pa. Super. 1988); ***see also Bucks Orthopaedic Surgery Assocs., P.C. v. Ruth***, 925 A.2d 868, 871 (Pa. Super. 2007); ***Walt Med. v. Electro-Nucleonics***, 583 A.2d 492, 494 n.2 (Pa. Super. 1990); ***Fortune/Forsythe v. Fortune***, 508 A.2d 1205, 1208 (Pa. Super. 1986). Accordingly, we characterize Haviland's petition to enjoin and disqualify as a motion for the recusal of Bernstein as the neutral arbitrator in this matter.

The question of whether we have jurisdiction to review the merits of Haviland's appeal turns on whether an order denying a pre-award petition to disqualify an arbitrator is an appealable non-final order. Although we have been unable to locate a case directly on point, we conclude that the case law addressing the interlocutory nature of pre-trial recusals of trial judges is persuasive and instructive. ***See Sheehan v. Nationwide Ins. Co.***, 779 A.2d 582, 584-85 (Pa. Super. 2001) (analogizing the recusal of arbitrator to the recusal of a trial judge); ***see also*** 231 Pa. Code § 1302(e) (stating that any arbitrator "who would be disqualified for any reason that would disqualify a judge under the Code of Judicial Conduct shall immediately withdraw as an arbitrator").

In support of its position that we should dismiss Haviland's appeal as interlocutory, K&S relies on this Court's decision in ***In re Bridgeport Fire Litigation***, 51 A.3d 224 (Pa. Super. 2012). In ***Bridgeport Fire***, the appellants filed a motion seeking the recusal of the trial judge presiding over

their class action litigation, which the trial court denied after its approval of the settlement agreements. *Id.* at 227-28. On appeal from that order, this Court issued a rule to show cause as to why the appellants' appeal should not be quashed as interlocutory. *Id.* at 229. This Court noted that the trial court's "order denying [Certain Class Plaintiffs'] motion for recusal appears to be premature since an order on a motion for recusal is an interlocutory order for purposes of an appeal." *Id.* The appellants asserted that if the appeal from the order denying their motion for recusal was not ripe for review, it would never be reviewable because all of the issues in the case had been resolved. *Id.*

This Court initially agreed with the appellants that the case represented "a 'somewhat anomalous situation' in that the trial court's order denying the motion to recuse was not filed until after final judgment was entered in this case and the appeals from the final judgment and all prior interlocutory orders were decided." *Id.* The panel observed, however, that there were still several motions relating to the settlement of the class action lawsuit awaiting the trial court's determination. *Id.* at 230. Thus, this Court held that the appropriate time for review of the order denying the appellants' motion for recusal was after the resolution of those motions and quashed the appeal. *Id.* at 230-31.[3]

_____

[3] Haviland asserts that ***Bridgeport Fire*** was an appeal from an order denying an injunction, and as such, this Court concluded that it was immediately

Indeed, this Court has routinely held that a pre-trial motion seeking to recuse a judge from further proceedings is not a final order. **See In re Bridgeport Fire Litig.**, 51 A.3d at 229 ("an order on a motion for recusal is an interlocutory order for purposes of an appeal"); **see also Rohm and Haas Co. v. Lin**, 992 A.2d 132, 149 (Pa. Super. 2010); **Krieg v. Krieg**, 743 A.2d 509, 511 (Pa. Super. 1999); **Hahalyak v. Integra Fin. Corp.**, 678 A.2d 819 (Pa. Super. 1996); **Kenis v. Perini Corp.**, 682 A.2d 845 (Pa. Super. 1996). Additionally, this Court has stated that an appeal from the denial of a pre-trial motion to recuse does not fall within any of the categories listed in Rules 311 (Interlocutory Appeals as of Right) or 313 (Collateral Orders)[4] of the Pennsylvania Rules of Appellate Procedure and that consequently, appeals from such orders are premature. **Krieg**, 743 A.2d at 511.

_____

appealable as of right. Answer to Application to Dismiss, 8/21/17, at 11. Clearly, as discussed above, this is not what occurred in **Bridgeport Fire**.

[4] Rule 313 provides:

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

Therefore, we hold that an order denying a motion seeking the recusal or disqualification of an arbitrator, as with an order denying the recusal of a trial judge, is not a final order or an interlocutory order appealable as of right or a collateral order. This conclusion comports with Section 7320 of the Uniform Arbitration Act, which governs appeals from court orders in arbitration matters. Section 7320 provides as follows:

> **(a) General rule.--**An appeal may be taken from:
>
> (1) A court order denying an application to compel arbitration made under section 7304 (relating to proceedings to compel or stay arbitration).
>
> (2) A court order granting an application to stay arbitration made under section 7304(b).
>
> (3) A court order confirming or denying confirmation of an award.
>
> (4) A court order modifying or correcting an award.
>
> (5) A court order vacating an award without directing a rehearing.
>
> (6) A final judgment or decree of a court entered pursuant to the provisions of this subchapter.
>
> **(b) Procedure.--**The appeal shall be taken in the manner, within the time and to the same extent as an appeal from a final order of court in a civil action.

42 Pa.C.S.A. § 7320. Nowhere does Section 7320 state that, under the Uniform Arbitration Act, an appellant may appeal an order denying a motion or petition seeking the recusal or disqualification of an arbitrator.[5]

---

[5] As mentioned above, the Employment Agreement provides that any issue relating to the enforcement of the agreement is to be governed by the Arbitration Act of 1927, 5 P.S. § 161 *et seq.* The Arbitration Act of 1927 was repealed and replaced by the Pennsylvania Uniform Arbitration Act of 1980, 42 Pa.C.S.A. §§ 7301-7320. Despite the repeal of the 1927 Act, "parties remain free to agree to proceed according to the 1927 Act." **See Pantellis v. Erie Ins. Exch.**, 890 A.2d 1063, 1065 (Pa. Super. 2006).

Nevertheless, this Court has held that the 1980 ACT controls the manner and time for taking arbitration appeals. We explained:

> [E]ven if the parties are in agreement that this matter was to be resolved under the 1927 Act, that agreement does not, and cannot, dictate which act governs the taking of an appeal. Section 175 of the 1927 Act has been repealed, and Section 7320 of the 1980 Act now controls the manner and time for the taking of statutory arbitration appeals. **Cf. Seay v. Prudential Prop[.] and Cas[.] Ins. Co.**, [] 543 A.2d 1166 ([Pa. Super.] 1988) (where terms of insurance contract called for arbitration in accordance with provisions of 1927 Act, 42 Pa.C.S.[A.] § 7320 still governed appealability of order confirming arbitration award).
>
> Moreover, a review of 5 P.S. § 175 of the 1927 Act reveals that it closely tracks the language of 42 Pa.C.S.[A.] § 7320. Hence, were we to find that the provisions of the 1927 Act govern the taking of this appeal, we would nonetheless reach the same result *infra*.

**Dunlap by Hoffman v. State Farm Ins. Co.**, 546 A.2d 1209, 1210 (Pa. Super. 1988)

Accordingly, because the trial court's May 12, 2017 denying Haviland's petition to disqualify Bernstein is not a final order or an interlocutory order appealable as of right or a collateral order,[6] we do not have jurisdiction to review the merits, and therefore quash the appeal.

Appeal quashed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/18

---

[6] We also note that Haviland did not seek an appeal pursuant to Pennsylvania Rule of Appellate Procedure 312, which governs interlocutory appeals by permission.  *See* Pa.R.A.P. 312.

- 15 -