J-S24008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| NORTHUMBERLAND CO. HOUSING AUTHORITY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| | : | No. 1420 MDA 2017 |
| DEBORAH A. KOCH | : | |

Appeal from the Order Entered August 10, 2017
In the Court of Common Pleas of Northumberland County
Civil Division at No(s):  CV-214-01248

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:                    **FILED JULY 09, 2018**

Appellant, the Northumberland County Housing Authority, appeals from the August 10, 2017 order denying its request to set a date for a damages trial.  We quash.

The factual background and procedural history of this case are as follows.  Deborah A. Koch ("Koch") filed an appeal with the Civil Service Commission.  On July 22, 2013, Appellant and Koch entered into a settlement agreement.  As part of that agreement, Koch agreed to drop the appeal; however, Koch did not withdraw her appeal.

Appellant filed the instant breach of contract action.  On August 29, 2014, Appellant served Koch with notice of its intent to seek a default judgment because of her failure to file a responsive pleading.  Thereafter, Appellant praeciped for default judgment and the prothonotary entered a

default judgment in favor of Appellant and against Koch. Over two years later, Koch filed a counterclaim against Appellant and petitioned to open the default judgment. On April 12, 2017, the trial court struck Koch's counterclaim and denied her petition to open the default judgment.

Appellant filed a motion requesting a damages trial and the trial court held a hearing on that request. On August 10, 2017, the trial court declined to set a date for a damages trial because of the proceedings pending before the Civil Service Commission. This appeal followed. This Court issued a rule to show cause why this appeal should not be quashed as interlocutory. *See* Pa.R.A.P. 341(a). Appellant filed a response, the rule to show cause was discharged, and the jurisdictional issue was referred to this merits panel. The appeal is now ripe for disposition.

Appellant presents two issues for our review:

1. [Is the trial court's order an interlocutory order?

2. Did the trial court err when it declined to set a date for the damages trial?]

Appellant's Brief at 6.

In its first issue, Appellant argues that the trial court's decision to delay the damages trial was a final, appealable order. "As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Haviland v. Kline & Specter, P.C.*, 182 A.3d 488, 492 (Pa. Super. 2018) (citation omitted).

In this case, all claims have not been disposed of because Appellant's request for damages is still pending. The trial court did not deny Appellant's request for damages or award Appellant zero compensation. Instead, the trial court declined to hold a damages trial at this time. Hence, contrary to Appellant's argument, it is not "out of court" with respect to its request for damages. Under Appellant's argument, any order granting a continuance over a party's objection would be a final, appealable order. The absurdity of such a rule is self-evident. If Appellant believes that the trial court should take action, *i.e.*, hold a damages trial before a certain date, it must seek mandamus relief. The order declining to set a date for a damages trial was an interlocutory order and we lack jurisdiction over this appeal from that order.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/09/2018