J-S28006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARCUS HAND | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW DANCHA, M.D., SANDRA | : | No. 1240 MDA 2017 |
| SNYDER, DR. MCGREGOR, PAULA | : | |
| PRICE, WEDFORD HEALTH | : | |
| SOURCES, INC., CORIZON HEALTH | : | |
| CARE SERVICES, AND DR. MARTY | : | |
| COLE | | |

Appeal from the Order Entered July 20, 2017
In the Court of Common Pleas of Huntingdon County
Civil Division at No(s):  2015-00717

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:                    **FILED JULY 09, 2018**

Appellant, Marcus Hand, appeals *pro se* from the July 20, 2017 order granting summary judgment to several defendants in this medical malpractice action.  We quash.

As our resolution is based on the procedural posture of this case, we decline to set forth the factual background.  On May 18, 2015, Appellant filed a medical malpractice complaint against Dr. Andrew Dancha, Dr. Deborah McGregor, Dr. Marty Cole, Sandra Snyder, Paula Price, Wexford Health Sources, Inc., and Corizon Health Care Services.  Appellant failed to serve Dr. Cole with the complaint.  On August 17, 2015, Appellant discontinued the action as to Paula Price.  On July 20, 2017, the trial court granted summary

judgment in favor of Dr. Dancha, Dr. McGregor, Wexford Health Sources, and Corizon Health Care Services.

Appellant appealed that order. This Court issued a rule to show cause why this appeal should not be quashed as being interlocutory. **See** Pa.R.A.P. 341(a). Appellant responded that he is no longer pursuing claims against Sandra Snyder. However, a review of the trial court docket indicates that no praecipe to discontinue the claim against Ms. Snyder or a similar pleading or order stating that the claim against Ms. Snyder is discontinued is of record. Thereafter, this Court discharged the rule to show cause and referred the jurisdictional issue to this merits panel. The appeal is now ripe for disposition.

Appellant presents two issues for our review:

1. Whether the [trial court erred] in determining that Appellant submitted an untimely grievance (thereby failing to exhaust administrative remedies)?

2. Whether the [trial court erred] by granting summary judgment under the circumstances of this case?

Appellant's Brief at 3 (certain capitalization omitted).

Prior to addressing the merits of Appellant's issues, we must determine if we have jurisdiction over this appeal. "As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." **Haviland v. Kline & Specter, P.C.**, 182 A.3d 488, 492 (Pa. Super. 2018) (citation omitted). In this case, Appellant's claims against Sandra Snyder are still pending. Hence, we lack jurisdiction over this appeal.

- 2 -

We may not overlook this jurisdictional defect because of Appellant's *pro se* status. Accordingly, we quash this appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/09/2018