J-A27036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONALD E. HAVILAND JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KLINE & SPECTER, P.C., HONORABLE | : | No. 395 EDA 2021 |
| MARK I. BERNSTEIN | : | |

Appeal from the Judgment Entered December 31, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 080900336

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JUNE 3, 2022**

Donald E. Haviland, Jr. appeals from the judgment entered in the favor of Kline & Specter, P.C., and against Haviland relating to fees owed to the neutral arbitrator, Judge Mark I. Bernstein, in the amount of $20,730.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Here, Haviland purports to file a notice of appeal from two separate December 23, 2020 orders filed under the same docket number. One order denied his petition to vacate an arbitration award and confirmed the arbitration award in favor of Kline & Specter. The other order granted Judge Bernstein payment of arbitration fees from Haviland. It is well-established that an appeal properly lies from the entry of judgment. **See Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*); **see also** 42 Pa.C.S.A. § 7320(a)(6) (stating that an appeal from an arbitrator's decision may be taken only from a final judgment or decree of court). The trial court reduced the two orders into a single judgment on December 31, 2020, and Haviland thereafter filed a timely notice of appeal. Hence, there is no jurisdictional impediment to our review. We have amended the caption accordingly.

Haviland argues that the arbitration award must be vacated because Judge Bernstein was biased against him, and that he should not be required to pay a biased arbitrator's fees. We affirm.

This case involves a series of lawsuits, arbitration proceedings, and awards stemming from disputes over the apportionment of legal fees between Haviland and Kline & Specter. Briefly, Haviland was hired by Kline & Specter in 2001 to manage its Class Action Department. The employment agreement between the parties set forth the terms that would control the apportionment of client fees in the event Haviland left Kline & Specter. Relevant herein, Paragraph 6 of the agreement governed the allocation of fees in class-action lawsuits in which Haviland continued to act as counsel after leaving Kline & Specter. **See** Employment Agreement, 11/9/01, at ¶ 6. Further, Paragraph 10 of the agreement provided that the parties agreed to enforce the agreement "by either binding arbitration under [Pennsylvania's] Arbitration Act of 1927 ["1927 Act"[2]] or through court action, at the option of [Kline & Specter]." **Id.**, ¶ 10 (footnote added). Haviland left Kline & Specter in September 2006.

Haviland filed a praecipe to issue a writ of summons on September 3, 2008. The action was stayed on November 13, 2008, pending the outcome of

---

[2] The 1927 Act was codified at 5 P.S. § 161 *et seq*. The 1927 Act was repealed and replaced by the Pennsylvania Uniform Arbitration Act of 1980 ("1980 Act"). **See** 42 Pa.C.S.A. §§ 7301-7320; **see also Erie Ins. Exch. v. Bristol**, 174 A.3d 578, 583 n.10 (Pa. 2017). Nevertheless, "parties remain free to agree to proceed according to the 1927 Act." **Wallace v. State Farm Mut. Auto. Ins. Co.**, 199 A.3d 1249, 1255 (Pa. Super. 2018).

separate arbitration proceedings between the parties.[3] On January 22, 2016, following the conclusion of the arbitration proceedings, Haviland filed a complaint in the instant matter, alleging that Kline & Specter breached Paragraph 6 of the Employment Agreement, and that he was entitled to fees stemming from several class-action lawsuits that he handled while working at Kline & Specter.

In response, Kline & Specter filed preliminary objections, seeking to compel Haviland to submit his claims to arbitration pursuant to Paragraph 10 of Employment Agreement. The trial court granted the preliminary objections and remanded the matter for arbitration. The trial court further ordered that Haviland and Kline & Specter each appoint an arbitrator and that the named arbitrators for each party were to select a third, neutral arbitrator within 45 days of the date of the order. The order also stated that if the named arbitrators were unable to agree upon a neutral arbitrator, the trial court would appoint one.

---

[3] An arbitration panel found in favor Kline & Specter, and, on October 3, 2011, the trial court entered judgment in favor of Kline & Specter in the amount of $5,739,490.15. Subsequently, Kline & Specter moved to reopen the arbitration on grounds that Haviland had committed a fraud on the arbitration panel. Ultimately, the arbitration panel issued a decision ordering Haviland to pay Kline & Specter an additional $201,220.95 plus 6% interest. However, on October 22, 2014, the Superior Court reversed and vacated the second judgment. **See Kline & Specter v. Haviland**, 3206 EDA 2013 (Pa. Super. filed Oct. 22, 2014) (unpublished memorandum).

Consequently, Haviland and Kline & Specter each named an arbitrator. However, because the parties' arbitrators were unable to agree upon a third, neutral arbitrator, the trial court successively appointed three neutral arbitrators, each of whom recused themselves. The trial court then appointed Judge Bernstein, a retired Court of Common Pleas of Philadelphia County judge, as the neutral arbitrator.

Haviland asked Judge Bernstein to disclose any conflicts of interest prior to acting in this matter. Judge Bernstein responded by email that although he had presided over cases involving Haviland's counsel and Kline & Specter as a judge, he had not arbitrated any disputes involving the parties. Judge Bernstein further noted that he was an adjunct professor at the Thomas R. Kline School of Law at Drexel University,[4] but that he had been employed in this capacity well before the school changed its name. Judge Bernstein concluded that he did not believe that a conflict existed that would preclude him from serving as a neutral arbitrator.

Nevertheless, on March 9, 2017, Haviland formally sought Judge Bernstein's recusal, based on his employment at the law school and asserting that Judge Bernstein was predisposed to ruling against him due to Kline's gift

---

[4] Thomas Kline, one of the named partners at Kline & Specter, donated $50 million to the Drexel University law school, which was then renamed in his honor. **See** Petition to Disqualify, 4/20/17, at ¶ 49. While Kline & Specter vigorously disputes the implications of the gift and naming of the school, it does not contest these underlying facts. **See** Brief for Appellee at 25-26.

to the law school. Haviland also noted that Bernstein was under the supervision of Gwen Stern, the Director of Trial Advocacy at the law school and the wife of a former attorney at Kline & Specter. Judge Bernstein denied Haviland's motion for recusal, finding that no conflict existed.[5]

Thereafter, Haviland filed with the trial court a petition for a preliminary or special injunction to enjoin and disqualify Judge Bernstein from acting as the neutral arbitrator. On May 12, 2017, the trial court denied Haviland's petition to disqualify Bernstein. Haviland appealed this order;[6] however, this Court quashed the appeal, finding the order was not a final order, an interlocutory order appealable as of right, or a collateral order. **See Haviland v. Kline & Specter, P.C.**, 182 A.3d 488 (Pa. Super. 2018).

In September 2018, the case proceeded to arbitration. At the outset of the arbitration, Haviland again sought Judge Bernstein's recusal. Haviland cited to an email that was mistakenly sent to him that suggested that Judge Bernstein previously coordinated with the principals of Kline & Specter, Kline and Shanin Specter, regarding the date of the arbitration. Specifically, Judge Bernstein wrote an email that stated: "They actually replied to our invitation and said that they were going to be away[,] but they were going to Joyce's

---

[5] That same day, Judge Bernstein sent an email to the trial court apprising it of Haviland's motion and his decision to deny the motion to recuse. In response, the trial court informed Judge Bernstein to proceed.

[6] Although the trial court did not order the filing of a Pa.R.A.P. 1925(b) concise statement, it issued an opinion supporting its denial of Haviland's petition.

party party [*sic*]." Judge Bernstein Email, 6/13/18; **see also** N.T., 9/12/18, at 26. Judge Bernstein denied the recusal motion.

Ultimately, on February 28, 2019, the arbitration panel found in favor of Kline & Specter, concluding that Haviland was not entitled to fees under Paragraph 6 of the agreement. The panel further found that all costs and fees of the arbitration should be divided equally by the parties. The arbitrator appointed by Haviland, Dion Rassias, Esq., dissented, finding that the matter was not arbitrable; Judge Bernstein should have recused himself; and Haviland was entitled to payment under Paragraph 6.

Nearly eight months later, on October 19, 2019, Judge Bernstein filed a petition to compel Haviland's payment of $20,730 for Judge Bernstein's arbitration services. In the petition, Judge Bernstein noted that although Haviland had paid some of the fees, he had failed to make a payment on the final invoice.

Haviland filed an answer, arguing that the petition should be stricken because Judge Bernstein was not a party to the underlying arbitration. Haviland also claimed that he was not required to pay Judge Bernstein the arbitration fees due to his bias against Haviland. On December 13, 2019, following a hearing, the trial court directed Haviland to pay Judge Bernstein's invoice within 30 days.

Haviland did not pay Judge Bernstein, and, as a result, in May 2020, Judge Bernstein filed a motion to reduce the December 13, 2019 order to a

judgment. On June 11, 2020, while Judge Bernstein's motion was pending, Haviland filed a petition to vacate the February 28, 2019 arbitration decision. In the petition, Haviland argued that Judge Bernstein was biased and predisposed to rule in favor of Kline & Specter and should have recused himself, and that he is not entitled to his fee. More specifically, Haviland asserted that Judge Bernstein committed misconduct by inviting the principals of Kline & Specter to a private party prior to arbitration; he exceeded his powers by ignoring the rights of his co-arbitrators; he refused to postpone the hearing on Haviland's motion; and the matter was not arbitrable.

On December 23, 2020, the trial court entered two orders — (1) finding that Haviland's petition to vacate was untimely filed and confirming the arbitration panel's decision in favor of Kline & Specter; and (2) granting Judge Bernstein's motion for entry of judgment against Haviland in the amount of $20,730. On December 31, 2020, the trial court entered judgment in favor of Kline & Specter and against Haviland for $20,730.

This timely appeal followed. The trial court ordered Haviland to file a Pa.R.A.P. 1925(b) concise statement. Haviland did not file a concise statement. Thereafter, the trial court filed a Pa.R.A.P. 1925(a) opinion, finding Haviland's issues waived on appeal.

On appeal, Haviland raises the following question for our review:

> Whether the trial court erred in initially appointing retired Judge Mark I. Bernstein … as the purported "neutral" arbitrator in this matter, over [Haviland's] objections repeatedly raised in timely-filed Motions for Recusal, and then granting nonparty Bernstein's

Petition for Fees, without a hearing or argument and without any final order or judgment being entered on the Arbitration Award, where ample evidence demonstrated Bernstein's recusal as the purported "neutral arbitrator" was warranted because of his significant conflicts of interest, which he repeatedly resisted even disclosing[?]

Brief for Appellant at 6 (footnote omitted).[7]

Preliminarily, we note the trial court found that Haviland has waived his claims for failing to file a court-ordered Pa.R.A.P. 1925(b) concise statement. *See* Trial Court Opinion, 4/9/21, at 1. Generally, in civil cases, an appellant's failure to comply with Pa.R.A.P. 1925(b) will result in waiver of the issues raised on appeal. *See U.S. Bank, N.A. v. Hua*, 193 A.3d 994, 997 (Pa. Super. 2018); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). "In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (citation and brackets omitted); *see also* Pa.R.A.P. 1925(b)(3) (specifying the required contents of a Rule 1925(b) order). Relevantly, a Rule 1925(b) order must designate "the place the appellant can serve the Statement in

---

[7] We note that Judge Bernstein filed a motion to intervene on appeal. This Court granted the motion, and Judge Bernstein filed an intervenor brief, which incorporates by reference large parts of the brief filed by Kline & Specter.

person and the address to which the appellant can mail the Statement." *See*

Pa.R.A.P. 1925(b)(3)(iii).

Here, although the trial court's order is generally compliant with Rule

1925(b)(3), it fails to comply with subsection (b)(3)(iii):

> … Donald E. Haviland, Jr. in the above-captioned matter is ordered to file a concise statement of the errors complained of on appeal. The statement shall be filed of record and served on the trial judge within 21 days of the date this order is entered on the docket. Filing of record and concurrent service on the trial judge and other parties shall be done pursuant to Pa.R.A.P. 1925(b)(1). Any issue not properly included in the statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived. Your non-compliance with this order may be deemed by the appellate court as a waiver of all objections to the order, ruling or other errors complained of.

Order, 1/28/21.

Significantly, when a court's Rule 1925(b) order "is inconsistent with the

requirements of Rule 1925(b)(3)(iii), … the waiver provisions of subsection

(b)(4)(vii) do not apply." *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 746

(Pa. Super. 2021) (citation omitted). Accordingly, considering the defect in

the trial court's order, we conclude that Haviland's failure to file a Rule 1925(b)

concise statement did not render his claims waived on appeal. *See id.* at 747.[8]

---

[8] Prior to the oral argument of this appeal, Haviland filed an application to remand this case to allow him to file a Rule 1925(b) statement of issues and have the trial court address it. Haviland asserted that the record revealed defects in service of the trial court's order. We conclude that we can discern the trial court's reasoning from the record before us and deny Haviland's application as moot given the reasoning set forth in this memorandum.

Turning to the substance of Haviland's appeal, we note he initially argues that the trial court abused its discretion in denying his 2017 petition for injunctive relief and motion for recusal without holding a hearing in light of substantial evidence of Judge Bernstein's partiality and bias. *See* Brief for Appellant at 47, 48, 49-50, 53, 55-56, 59. Further, Haviland contends that he was prevented from raising the issue of Judge Bernstein's partiality, as both the trial court and Judge Bernstein failed to enter a final order following the arbitration, and he could only raise the recusal issue after Judge Bernstein sought his fees. *See id.* at 44-47.

Haviland also claims that Judge Bernstein's assurance that he could be impartial is irrelevant, noting that Haviland's only burden to prevail on the disqualification was to demonstrate substantial doubt as to an arbitrator's ability to be impartial. *See id.* at 47-48, 53-54, 56-58. In particular, Haviland asserts that he presented extensive evidence of Judge Bernstein's partiality, including that he failed to disclose his conflicts of interest or consider how his financial relationships with Kline & Specter and its principal, Kline, exacerbated his conflict. *See id.* at 48. In this regard, Haviland again highlights that Kline's donation to the Drexel University law school, where Judge Bernstein was an adjunct professor, established that Kline & Specter could exert conscious or subconscious pressure on Judge Bernstein; Stern, the wife of a former Kline & Specter attorney, was the director of the program employing Judge Bernstein; and Judge Bernstein attended a party with Kline and Specter. *See*

*id.* at 50-52, 55. Haviland concludes that his due process rights were violated, and reversal is required to protect the integrity of the judicial system, suggesting that, because more cases are using arbitration proceedings, arbitrators cannot be allowed to operate at a lower ethical threshold than judges. *See id.* at 49, 59.

"Pennsylvania has a well-established public policy that favors arbitration[.]" *MacPherson v. Magee Mem'l Hosp. for Convalescence*, 128 A.3d 1209, 1219 (Pa. Super. 2015) (*en banc*) (citation omitted).

> Arbitration is a matter of contract, and parties to a contract cannot be compelled to arbitrate a given issue absent an agreement between them to arbitrate that issue. Even though it is now the policy of the law to favor settlement of disputes by arbitration and to promote the swift and orderly disposition of claims, arbitration agreements are to be strictly construed and such agreements should not be extended by implication.

*Knight v. Springfield Hyundai*, 81 A.3d 940, 947 (Pa. Super. 2013) (citations and quotation marks omitted).[9]

Here, pursuant to Paragraph 10 of the Employment Agreement, the matter proceeded to an arbitration under the 1927 Act to resolve Haviland's claims. *See* Employment Agreement, ¶ 10. However, as noted above, the 1927 Act has been repealed and replaced by the 1980 Act. *See Bristol*, 174 A.3d at 583 n.10. Importantly, the 1980 Act did not preserve any of the

---

[9] We acknowledge the recent Supreme Court of the United States decision in *Morgan v. Sundance, Inc.*, ___ U.S. ___ (May 23, 2022), but conclude that it does not directly impact our resolution of this appeal, which depends solely on Pennsylvania law.

- 11 -

procedural requirements of the 1927 Act, and the 1980 Act "controls the manner and time for taking arbitration appeals." *Haviland*, 182 A.3d at 494; *see also Maxton v. Philadelphia Hous. Auth.*, 454 A.2d 618, 619-20 (Pa. Super. 1982).

Under the 1980 Act, any application to the trial court to vacate an arbitration award must be made "within 30 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud, misconduct or other improper means, it shall be made within 30 days after such grounds are known or should have been known to the applicant." 42 Pa.C.S.A. § 7314(b). "A party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived." *U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 877 (Pa. Super. 2006). If no timely petition to vacate or modify is filed, the proper procedure for the trial court is to enter an order confirming the arbitrators' award. *See* 42 Pa.C.S.A. § 7314(d). In conjunction with the order confirming the arbitrators' award, "a judgment or decree shall be entered in conformity with the order." 42 Pa.C.S.A. § 7316.

Here, the arbitration panel entered its decision on February 28, 2019. Haviland did not file his petition to vacate based upon the alleged bias and partiality of Judge Bernstein until June 11, 2020. Therefore, his request that the trial court vacate the arbitration award was made well outside the required 30-day period. *See* 42 Pa.C.S.A. § 7314(b). Moreover, the fact that Kline &

Specter did not take steps to immediately secure an order confirming the arbitration award and a final judgment did not void the requirement that Haviland file a timely petition to vacate based upon Judge Bernstein's alleged bias and partiality. **See Dougherty**, 914 A.2d at 877.

Likewise, Haviland's claim that Judge Bernstein had to perform an action to finalize the arbitration award before he could file an appeal has no support in the statute or case law. In fact, in prior arbitrations between the parties, Haviland successfully filed a petition to vacate or modify within the required 30 days of the entry of the arbitration award.[10] **See Haviland**, 3206 EDA 2013 (unpublished memorandum at 4, 6). Therefore, the trial court properly found that Haviland's petition to vacate was untimely filed.

Additionally, although we observe that the 1980 Act allows for the extensions of statutory appeal time to vacate an arbitration award where there is evidence of corruption, fraud, misconduct, or other improper means, **see** 42 Pa.C.S.A. § 7314(b), Haviland does not cite to the statute or raise any such claim. Even if we considered Haviland's claim that Judge Bernstein's purported

_____

[10] We note that in his reply brief, Haviland argues that there is no requirement to file a petition to vacate because the matter of recusal had already been decided by the trial court in 2017. **See** Reply Brief for Appellant at 20. However, Haviland does not cite to any authority that would allow the trial court to vacate a 1927 Act arbitration proceeding, without the filing of a petition, based upon a finding prior to the entry of an arbitration award. Significantly, under the plain language of Section 7314(a), "evident partiality by an arbitrator appointed as a neutral" is one of the bases of seeking to vacate an arbitration award. **See** 42 Pa.C.S.A. § 7314(a)(1)(ii).

- 13 -

invitation to Specter and Kline to a party prior to arbitration substantiated evidence of corruption or misconduct, Haviland raised this issue at the arbitration hearing. Hence, he was aware of these grounds prior to arbitration panel's award and the "within 30 days after such grounds are known or should have been known to the applicant" exception does not apply. *Id.* Accordingly, Haviland waived his claims regarding Judge Bernstein's alleged bias by failing to file a timely petition to vacate. *See Joseph v. Advest, Inc.*, 906 A.2d 1205, 1212 (Pa. Super. 2006) (stating that a party must raise alleged errors in the arbitration process in a timely petition to vacate the arbitration award pursuant to Section 7314 or the claims are waived); *see also Caron v. Reliance Ins. Co.*, 703 A.2d 63, 65 (Pa. Super. 1997).

Finally, although Haviland briefly references the order compelling him to pay Judge Bernstein's fees in his statement of questions involved, *see* Brief for Appellant at 6, he failed to develop any challenge to this order in the argument section of his appellate brief. Such a failure results in a waiver of his claim. *See Chapman-Rolle v. Rolle*, 893 A.2d 770, 774 (Pa. Super. 2006) (stating that "[i]t is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal.").

Nonetheless, we note that in his reply brief to Judge Bernstein's intervenor brief, Haviland reasserts his argument from below that the fees were not required to be paid because Judge Bernstein was a biased arbitrator. *See* Reply Brief to Intervenor Brief at 7-8. Haviland's argument in this regard

is merely an attack on Judge Bernstein's alleged bias and partiality. As noted above, Haviland failed to file a timely petition to vacate the arbitration award and did not preserve such a claim.

Critically, Haviland ignores that as part of the arbitration award, the majority panel found that the parties must split the costs and fees of the arbitration. **See** Arbitration Award, 2/28/19, at 5 (unnumbered) ("All costs and fees of this arbitration shall be borne equally by the parties"). To that end, Haviland also did not file a timely petition to modify or correct the arbitration award in this regard. **See** 42 Pa.C.S.A. § 7315(a) (any application to the court to modify or correct the award must be made "within 30 days after delivery of a copy of the award to the applicant"); **see also** 42 Pa.C.S.A. § 7311(b) (where a party requests the arbitrators, rather than the trial court, modify or correct the award, the application "shall be made within ten days after delivery of the award to the applicant"). Therefore, Haviland waived his claim regarding the payment of fees to Judge Bernstein.[11]

Judgment affirmed. Application for extension of time to file Rule 1925(b) statement with trial court denied as moot.

---

[11] Haviland does not explain why he paid a portion of the arbitration fees owed to Judge Bernstein, despite his alleged bias, but failed to pay the outstanding amount.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2022