J-S41030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEVE A. FREMPONG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLEON MURRAY, DEVON POWELL, | : | |
| CITY OF PHILADELPHIA, JOHN DOE, | : | |
| JANE DOE | : | No. 668 EDA 2025 |
| | : | |
| | : | |
| APPEAL OF: STEVE A. AND AGNES | : | |
| FREMPONG | : | |

Appeal from the Order Entered February 11, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220102376

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                      **FILED FEBRUARY 6, 2026**

Steve A. Frempong ("Steve") and Agnes Frempong ("Agnes") (together, the "Frempongs") appeal from the order entered by the Philadelphia County Court of Common Pleas ("trial court") granting summary judgment in favor of Devon Powell ("Powell").  As the order in question is not appealable, we lack jurisdiction and quash the appeal.

On January 30, 2020, Steve was walking in front of a residence on North 21st Street in Philadelphia when he slipped and fell.  His wife, Agnes, called an ambulance, which transported him to the emergency room.  Steve

_____

[*] Retired Senior Judge assigned to the Superior Court.

allegedly suffered severe damage to his teeth, headaches, dizziness, and insomnia from the fall.

On January 22, 2022, the Frempongs filed a praecipe to issue writ of summons. Subsequently, on January 9, 2023, the Frempongs filed pro se a third amended complaint against Cleon Murray ("Murray"), Powell, John Doe, Jane Doe, and the City of Philadelphia. The Frempongs averred that Murray, Powell, John and Jane Doe, and the City of Philadelphia owned, possessed, controlled, and/or maintained the property where Steve fell. Complaint, 1/9/2023, ¶¶ 3-6; *see also id.* ¶ 14 (averring defendants, individually, jointly, and/or severally carelessly, negligently, and recklessly "created an uneven walking surface … resulting in [Steve] falling as he was walking"). The Frempongs alleged that Steve suffered numerous injuries as a result of the fall. *Id.* ¶ 12. The Frempongs brought premises liability claims, an emotional distress claim for Steve, a loss of consortium claim for Agnes, and a negligent infliction of emotional distress claim for Agnes against all of the defendants. *Id.* ¶¶ 16-60. The Frempongs also sought punitive damages from Murray and Powell. *Id.* ¶¶ 61-75.

Powell filed preliminary objections to the third amended complaint. The City of Philadelphia filed an answer and cross-claim against Murray, Powell, and Jane and John Doe. The Frempongs filed a response to the preliminary objections. In the interim, the parties engaged in a lengthy and contentious discovery process. Ultimately, the trial court granted, in part, Powell's

preliminary objections, striking, inter alia, the allegations of punitive damages without prejudice for the parties to further litigate the issues pending discovery. Powell then filed an answer to the complaint and new matter. The Frempongs filed a response to the new matter.

Thereafter, the City of Philadelphia and Powell filed separate motions for judgment on the pleadings. The trial court denied Powell's motion; however, on August 24, 2023, the trial court granted the City of Philadelphia's motion, and entered judgment in favor of the City on all claims. On October 31, 2023, Powell filed a motion for summary judgment. The trial court, through Judge Damaris Garcia, denied the motion on December 21, 2023.

The action proceeded to arbitration on May 2, 2024. The arbitration panel found in favor of Powell, Murray, and John and Jane Doe. The Frempongs appealed the arbitration decision to the trial court. On June 12, 2024, Powell, individually, filed another motion for summary judgment. The trial court, through Judge John Padova, denied the motion for summary judgment. The parties then engaged in another period of contentious discovery wherein the Frempongs repeatedly refused to comply with discovery requests issued by Powell.

The matter was scheduled for a jury trial to commence on February 5, 2025, before Judge Sean F. Kennedy. On that date, Steve admitted that he would not be presenting a doctor to testify about the causal relationship between his fall and the injuries sustained or the reasonableness of treatment.

N.T., 2/5/2025, at 3. Judge Kennedy explained that the Frempongs needed a doctor to show the damage to his teeth was not caused by a pre-existing condition and was a result of the fall. *Id.* at 4, 5. Steve responded that the medical records would show there were no pre-existing conditions. *Id.* at 5-6. Judge Kennedy again stated that a doctor was required to testify and he could not solely rely on the medical records. *Id.* at 6. At this point, Powell's attorney stated that the Frempongs could not introduce the medical records without a doctor's testimony, and in any event, the emergency room records show Steve had pre-existing teeth rot on the day of the fall. *Id.* at 7. At Judge Kennedy's prompting, Powell then renewed his motion for summary judgment. *Id.* at 7-8. On February 11, 2025, Judge Kennedy granted the motion and dismissed the case against Powell.

The Frempongs filed a motion for reconsideration on February 24, 2025. Before the trial court considered this motion,[1] the Frempongs filed a timely notice of appeal from the February 11, 2025 order.

On appeal, the Frempongs raise the following questions for our review:

1. Whether besides defendant City of Philadelphia's procedurally defective motion for judgment on the pleadings, the plaintiffs['] good faith effort [in] serving all defendants the original process, the issue of the statute of limitations is not implicated, so the City's motion was unwarranted and meritless, and the trial court's granting the City of Philadelphia's motion for judgment on the pleadings was erroneous?

---

[1] The trial court denied the motion for reconsideration on April 8, 2025, after the Frempongs had filed their appeal.

- 4 -

2. Whether the trial court's order granting the defendant[] Powell's renewed motion for summary judgment per the judge's invitation to file such motion violates the doctrine/rule of the law of the case and the coordinate jurisdiction rule, and due process and as such this Court should reverse the trial court and remand for trial?

3. Whether the injuries complained of appeared immediately after the occurrence of the accident and causation is obvious … and as such the expert report and his testimony is not required or necessary to establish causation[?]

4. Whether [the] trial [court] committed reversible error 1) by denying [the Frempongs'] proposed amended complaint based on prior order and 2) precluding evidence of [] loss [of] income[?]

The Frempongs' Brief at 2 (some capitalization omitted).

Before reaching the merits of the Frempongs' appeal, we must first address whether it is properly before this Court. The "appealability of an order goes to the appellate court's jurisdiction." *Swatt v. Nottingham Vill.*, 342 A.3d 23, 32 (Pa. Super. 2025) (en banc) (citation omitted). "The question of an appellate court's jurisdiction to consider any particular case may properly be raised sua sponte." *Id.* (citation omitted). "This presents a question of law; the appellate standard of review is de novo, and the scope of review is plenary." *Id.* (citation and quotation marks omitted).

"This Court may address the merits of an appeal taken from (1) a final order or an order certified as a final order; (2) an interlocutory order appealable as of right; (3) an interlocutory order appealable by permission; or (4) a collateral order." *Haviland v. Kline & Specter, P.C.*, 182 A.3d 488, 492 (Pa. Super. 2018) (cleaned up). "As a general rule, only final orders are

appealable, and final orders are defined as orders disposing of all claims and all parties." *Id.* (citation omitted); *see also* Pa.R.A.P. 341(b)(1). Relevant herein, Rule of Appellate Procedure 341 further states, in pertinent part:

> when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c); *see also* Pa.R.A.P. 341, note; ***Burkey v. CCX, Inc.***, 106 A.3d 736, 738 (Pa. Super. 2015) ("[I]nterlocutory orders dismissing various parties piecemeal from a lawsuit may not be appealed until the case is concluded as to the final remaining party and the case is therefore resolved as to all parties and all claims.").

Here, the trial court entered summary judgment in favor of Powell only on February 11, 2025. *See* Trial Court Order, 2/11/2025, at 1 (in providing a "[f]ull description of the disposition," the trial court "granted Defendant Devon Powell's renewed Motion for Summary Judgment in favor of Defendant, and against Plaintiff[,] Steve A. Frempong"); *see also id.* at 1-2 (noting that the copies of the order were sent to Powell's counsel, the Frempongs, Murray, and Jane and John Doe). While the trial court had previously granted the City of Philadelphia's motion for judgment on the pleadings in August 2023, there is no indication in the record, by the parties, or by the trial court that the

remaining claims against Murray and John and Jane Doe have been resolved. Notably, the Frempongs included these parties in their appeal from the decision of the arbitration panel. Furthermore, the trial court did not include the language required to satisfy Rule 341(c) in its order. Thus, the trial court's grant of summary judgment in favor of Powell did not constitute a final order. *See K.H. v. J.R.*, 826 A.2d 863, 869 (Pa. 2003) (noting "in the absence of an express determination by the trial court under Rule 341(c), an order granting summary judgment as to one party is treated as appealable as of right only after the disposition of the claims involving the remaining parties."); *see also* Pa.R.A.P. 341.

Furthermore, the Frempongs do not argue that this order is an interlocutory order appealable as of right, *see* Pa.R.A.P. 311; they did not seek permission for an interlocutory appeal, *see* Pa.R.A.P. 312; and they do not claim this is a collateral order, *see* Pa.R.A.P. 313(b). Therefore, because Murray and John and Jane Doe remain parties to this action, this Court does not have jurisdiction to address this appeal. *See Est. of Considine v. Wachovia Bank*, 966 A.2d 1148, 1153 (Pa. Super. 2009) (quashing appeal where order granting summary judgment as to one party was not a final order under Rule 341(b)(1), as it did not dispose of all claims and parties, and order

was not an interlocutory order appealable as of right, appellant did not seek to appeal by permission, and the order was not a collateral order).[2]

Appeal quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/6/2026

_____

[2] We note that the Frempongs raise claims related to the trial court's prior grant of the City of Philadelphia's motion for judgment on the pleadings. The Frempongs may raise such claims when there is a final order disposing of all parties and claims. **See K.H.**, 826 A.2d at 871 (stating that "where each of the defendants in a single action is dismissed prior to trial, an appeal from the order dismissing the remaining claim or party is sufficient to bring for review the earlier issued orders"); **see also Swatt**, 342 A.3d at 34 (a prior grant of a motion for judgment on the pleadings against one party became final when a motion for summary judgment was entered against the remaining party).